**UNITED STATES of America, Appellee,**

v.

**Tommy Curtis BUNCH, Appellant.**

No. 75-2188.

United States Court of Appeals, Fourth Circuit.

Argued March 5, 1976.

Decided April 13, 1976.

Gerald M. Richman, Baltimore, Md. (Court-appointed), for appellant.

Joshua R. Treem, Asst. U. S. Atty., Baltimore, Md. (Jervis S. Finney, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, BUTZNER and FIELD, Circuit Judges.

PER CURIAM:

Tommy Curtis Bunch appeals his convictions on two counts of violating the Dyer Act, 18 U.S.C. §§ 2312, 2313. The evidence showed that Bunch drove a car from Tennessee to Maryland at the request of the owner, knowing that the car was subject to a bank's security interest and that the owner wished to get rid of it since he could not keep up the payments. In Maryland, Bunch attempted to sell the car. Failing that, he abandoned it in a relative's garage

after partially dismantling it and selling the parts. The car's owner meanwhile reported it stolen and used the insurance proceeds from the theft coverage to pay the bank.

The sole question presented by this appeal is whether a car which has been taken with the intent to deprive a creditor of a security interest in it can be said to have been "stolen" within the meaning of the Act. Contending that a security interest alone cannot be the subject of theft, Bunch argues that property cannot be stolen from one who lacks a right of possession.

The district court carefully considered this argument in its opinion, *United States v. Bunch,* 399 F.Supp. 1156 (D.Md.1975). It relied on *United States v. Turley,* 352 U.S. 407, 417, 77 S.Ct. 397, 402, 1 L.Ed.2d 430 (1957), where the Court concluded that the definition of "stolen" in the Dyer Act includes "all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny." Applying this standard, the district court determined that Bunch deprived the bank of significant property interests, tantamount to ownership, which it held in the car. The court concluded that for purposes of the Dyer Act the car was "stolen." Of course, as the district court recognized, not every interstate transportation of a car that defeats a security interest could support a Dyer Act prosecution. In this case, before Bunch took the car across a state line, he intended to deprive the bank of its security. It is this intent that made his conduct criminal. Accordingly, we affirm Bunch's convictions on the basis of the district court's opinion.