**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Albert Gillette ROGERS,
Defendant-Appellant.**

No. 85–1997.

United States Court of Appeals,
Tenth Circuit.

March 19, 1986.

---

James C. Lang (G. Steven Stidham and Kevin C. Leitch, of Sneed, Lang, Adams, Hamilton, Downie & Barnett, with him on briefs), Tulsa, Okl., for defendant-appellant.

John S. Morgan, Asst. U.S. Atty. (Layn R. Phillips, U.S. Atty., and Ben Baker, Asst. U.S. Atty., on briefs), Tulsa, Okl., for plaintiff-appellee.

Before BARRETT, LOGAN and AN-DERSON, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Albert Gillette Rogers appeals his conviction by a jury on one count of interstate transportation of stolen property in violation of 18 U.S.C. § 2314. We find it necessary to consider only one issue: whether, under the circumstances of this case, defendant could be found guilty of violating the statute under which he was charged.

Defendant was the owner [1] of an airplane that landed at an airport in Rockford, Tennessee, where it was abandoned with a flat tire. The United States Customs Service seized the airplane and placed it under seal pending hearing on a charge that it should be forfeited to the United States because it had been used in illegal drug trafficking.

Evidence was introduced at trial that about a month after the airplane was impounded defendant or someone in league with him broke the customs seal and took from the airplane several items of avionics equipment. Defendant took these items to Tulsa, Oklahoma, and had some of them installed in another aircraft that he owned. This activity formed the basis for the charge and defendant's conviction under 18 U.S.C. § 2314, which makes it a crime to transport in interstate commerce any goods with a value of $5,000 or more, "knowing the same to have been stolen, converted, or taken by fraud." [2]

---

1. The airplane was not titled in defendant's name. Rather it was titled in the name of a corporation the defendant owned. No issue was made at trial, nor on appeal, with respect to defendant's claim of ownership of the airplane.

Thus we treat defendant as the owner for purposes of the case.

2. 18 U.S.C. § 2314 states in pertinent part:

Defendant could have been charged under 18 U.S.C. § 549, which makes it a crime to willfully break, without authority, any customs seal placed upon a vehicle in customs custody; to remove any merchandise or baggage in customs custody; or to transport any such items, knowing them to have been unlawfully removed from custody of the customs authorities.[3]

Defendant contends that, although he might have been found guilty of violating 18 U.S.C. § 549, it was wrong to charge him under 18 U.S.C. § 2314. He argues that he cannot be guilty of interstate transportation of stolen property because he was the owner of the property, which had not yet been declared forfeited.[4] Defendant acknowledges that the concept of stolen property has been expanded beyond its common-law larceny meaning by *United States v. Turley*, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957), and its progeny. *See id.* at 417, 77 S.Ct. at 402. But he argues that this expansion is insufficient to encompass the taking of property the taker still owns, even though it is under a customs seal.

The government argues that Customs officials, having placed the property under seal, obtained a sufficient possessory interest in the airplane and its on-board equipment to support a § 2314 charge. The government notes that several cases have held or stated that less than complete formal ownership will support a charge under § 2314. *See United States v. Long Cove Seafood*, 582 F.2d 159, 163 (2d Cir.1978) (stealing essentially an offense against an-

other person's proprietary or possessory interest in property); *see also United States v. Bunch*, 542 F.2d 629, 630 (4th Cir.1976) (deprivation of security interest in car supports conviction under 18 U.S.C. §§ 2312, 2313); *United States v. Zepin*, 533 F.2d 279, 281–82 (5th Cir.1976) (knowing interference with legal possession of car violates 18 U.S.C. § 2312); *United States v. Hull*, 437 F.2d 1, 5 (5th Cir.1971) (formal proof of ownership not necessary). It stresses that the Customs Service had a great degree of exclusion, control, and dominion over the aircraft.

Defendant emphasizes the Supreme Court statement in *Turley* that the felonious taking must be "with intent to deprive the owner of the rights of the benefit of ownership." *Turley*, 352 U.S. at 417, 77 S.Ct. at 402; *cf. Morissette v. United States*, 342 U.S. 246, 271, 72 S.Ct. 240, 254, 96 L.Ed. 288 (1952) (interpreting "conversion" for purposes of 18 U.S.C. § 641 as taking wrongful advantages from "another's property"). He cites *United States v. Carman*, 577 F.2d 556 (9th Cir.1978), in which the court refused to uphold a conviction under § 2314 for a debtor's fraudulent concealment of his own shrinking assets because there was no taking from "one having the attributes of an owner." *See id.* at 565.

Defendant also relies on a Second Circuit decision affirming the dismissal of § 2314 indictments of persons who harvested undersize clams from the Great South Bay near Long Island. *Long Cove Seafood*,

---

"Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; ...
Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

3. 18 U.S.C. § 549 states in pertinent part:
"Whoever, without authority, willfully removes, breaks, injures, or defaces any customs seal or other fastening or mark placed upon any vessel, vehicle, warehouse, or package containing merchandise or baggage in bond or in customs custody; or
Whoever, maliciously enters any bonded warehouse or any vessel or vehicle laden with

or containing bonded merchandise with intent unlawfully to remove therefrom any merchandise or baggage therein, or unlawfully removes any merchandise or baggage in such vessel, vehicle, or bonded warehouse or otherwise in customs custody or control; or
Whoever receives or transports any merchandise or baggage unlawfully removed from any such vessel, vehicle, or warehouse, knowing the same to have been unlawfully removed—
Shall be fined not more than $5,000 or imprisoned not more than two years, or both."

4. At a later hearing the airplane was declared forfeited. It was sold by the United States.

582 F.2d at 161. The court held that the defendants, who did violate environmental laws, could not be guilty of violating § 2314. The court suggested that an individual who had purchased bay bottom land, had taken the clams, and had sold them in another state could not be convicted under that statute. "It would be absurd to suggest ... that this hypothetical person had engaged in a 'felonious [taking] with intent to deprive the owner of the rights and benefits of ownership....' It is clear that no owner has been deprived of any rights or benefits of ownership, for it was the owner who took the clams." *Id.* at 164 (citations omitted).

Both sides attempt to draw support from *United States v. McClain,* 545 F.2d 988 (5th Cir.1977), in which the court reversed the § 2314 convictions of persons who dealt in pre-Columbian artifacts from Mexico. The defendant emphasizes that the court in *McClain* held that the defendants could not be found guilty under § 2314 of transporting stolen goods in interstate commerce unless the government of Mexico had declared itself the owner of the artifacts at issue. *Id.* at 1002–03. The government argues that *McClain* stated § 2314 was not confined by common-law notions. *See id.* at 994–95.

■ Whether the government had an ownership interest would be irrelevant if the target of the § 2314 prosecution was an ordinary thief, who was not the owner, who took items from the airplane and transported them in interstate commerce. In such a situation, the government would be acting as sovereign on behalf of its citizens. The trier of fact could infer that the ordinary thief intended to deprive the owner, whoever that might be, of the rights of ownership.

■ The government's ownership, or the level of its possessory rights, is important in the instant case because the government in essence is asserting that defendant could be guilty of theft of his own property. Despite the government's acknowledged power to put a seal on the goods, it is a very significant step to say that the possessory interest generated by the seal supports a charge akin to larceny against the person who is still the legal owner of the property. In procedural due process cases, we have carefully protected the rights of property owners in forfeiture proceedings. *See Sarkisian v. United States,* 472 F.2d 468, 472 (10th Cir.), *cert. denied,* 414 U.S. 976, 94 S.Ct. 291, 38 L.Ed.2d 219 (1973). Although there may be circumstances short of forfeiture proceedings that are so compelling that certain property might be said to "belong" to the government for purposes of a charge under § 2314, they have not been presented here. We agree with the Fifth Circuit that 18 U.S.C. § 2314 "should not be expanded at the government's will beyond the connotation—depriving an owner of its rights in property—conventionally called to mind." *United States v. McClain,* 545 F.2d at 1002; *see also, United States v. Carman,* 577 F.2d at 565. And, we resolve any ambiguity in § 2314 in favor of lenity. *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971). The defendant's conviction under 18 U.S.C. § 2314 must, therefore, be reversed.[5]

REVERSED AND REMANDED.

---

5. The defendant could have been, but was not, charged with the offense of breaking a customs seal, pursuant to 18 U.S.C. § 549. Because of our holding that no offense was committed under 18 U.S.C. § 2314, it is unnecessary for us to address defendant's contention that the availability of a specific charge under 18 U.S.C. § 549 precludes a charge under 18 U.S.C. § 2314, and we do not decide that issue. *Cf. Dowling v. United States,* —— U.S. ——, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985) (§ 2314 did not outlaw interstate transportation of bootleg phonograph records; *United States v. Fernando,* 745 F.2d 1328, 1330 (10th Cir.1984) (existence of specific statute covering charged conduct precluded need to read statute broadly).