**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4031

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RICHARD LEE STEVENS, a/k/a Stump,

Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, District Judge. (2:09-cr-00222-12)

Submitted: September 12, 2011        Decided: September 27, 2011

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory J. Campbell, CAMPBELL LAW OFFICE, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Michael B. Hissam, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Lee Stevens pled guilty, pursuant to a written plea agreement, to one count of transporting a stolen vehicle in interstate commerce, in violation of 18 U.S.C. § 2312 (2006). The district court sentenced Stevens to two years' probation. On appeal, Stevens argues that the district court erred in finding that a sufficient factual basis supported his guilty plea. We affirm.

The district court is required to satisfy itself that there is a factual basis for a defendant's guilty plea prior to entering judgment on the plea. Fed. R. Crim. P. 11(b)(3). "The rule is intended to ensure that the [district] court make[s] clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008) (internal quotation marks omitted). Because Stevens did not challenge the sufficiency of the factual basis supporting his guilty plea in the district court, we review his challenge for plain error. United States v. Mastrapa, 509 F.3d 652, 656-57 (4th Cir. 2007). To prevail under this standard, Stevens must establish that a clear or obvious error by the district court affected his substantial rights. United States v. King, 628 F.3d 693, 699 (4th Cir. 2011).

We conclude that Stevens fails to show error by the district court. A defendant's guilt on a charge of violating § 2312 is established by showing that the defendant: (1) transported a stolen vehicle interstate commerce and (2) "knew while so transporting" that the vehicle was stolen. United States v. Costanzo, 395 F.2d 441, 445 (4th Cir. 1968). As used in § 2312, the term "stolen" encompasses "all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny." United States v. Turley, 352 U.S. 407, 417 (1957). Where a defendant takes a vehicle across state lines with the intent to deprive a creditor of a security interest in the vehicle, the vehicle may be deemed "stolen" for purposes of § 2312. United States v. Bunch, 542 F.2d 629, 630 (4th Cir. 1976) (per curiam).

Stevens contends that the factual basis was insufficient to show that the vehicle he transported in interstate commerce was stolen.[*] We disagree. In this case, the record makes clear that Stevens transported a vehicle — a Honda

---

[*] Stevens also appears to suggest that the district court erred in finding that the factual basis was sufficient to support his guilty plea because his conduct in this case most closely resembles aiding and abetting mail fraud. We conclude, however, that Stevens' argument does not undercut the district court's sufficiency finding.

motorcycle — in interstate commerce and did so knowing he was depriving the lien holder of its security interest in the motorcycle and with the intent to dispose of the motorcycle by selling it to a third party. This evidence is sufficient to establish that the motorcycle was "stolen" under § 2312. Accordingly, we discern no error, plain or otherwise, by the district court.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED