**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5067**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

KIRK LEON GRANTHAM,

             Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:08-cr-00015-JPB-DJJ-1)

Submitted: August 21, 2009        Decided:  September 18, 2009

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Erin K. Reisenweber, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kirk Leon Grantham pled guilty, pursuant to a plea agreement, to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). The district court sentenced Grantham to 188 months' imprisonment. On appeal, Grantham's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in accepting Grantham's plea of guilty, but concluding that there are no meritorious grounds for appeal. Grantham did not file a pro se supplemental brief. We affirm.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991); Fed. R. Crim. P. 11(b)(1-2). The court also must determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3); DeFusco, 949 F.2d at 120. Because Grantham did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).

Here, the magistrate judge[*] fully complied with the requirements of Rule 11. Furthermore, the magistrate judge ensured that Grantham was competent to plead guilty and was fully satisfied with the services of counsel. (JA 33). Therefore, we find that the court did not err in accepting Grantham's plea of guilty, and Grantham's guilty plea was knowing and voluntary.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. We require that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such filing would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[*] Grantham executed a waiver consenting to plead before a magistrate judge. <u>See</u> <u>United States v. Ketchum</u>, 550 F.3d 363, 367, n.3 (4th Cir. 2008) ("The magistrate judge's participation in the plea proceeding accords with our precedent.").

before the court and argument would not aid the decisional process.

AFFIRMED

4