UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4937

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

WILLIAM HOWARD O'NEIL, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (1:07-cr-00088-LHT-1)

Argued:  September 30, 2009      Decided:  November 23, 2009

Before MOTZ and DUNCAN, Circuit Judges, and Cameron McGowan
CURRIE, United States District Judge for the District of South
Carolina, sitting by designation.

Affirmed by unpublished opinion.  Judge Duncan wrote the
opinion, in which Judge Motz and Judge Currie joined.

**ARGUED:** Andrew Brady Banzhoff, Asheville, North Carolina, for
Appellant.  Donald David Gast, OFFICE OF THE UNITED STATES
ATTORNEY, Asheville, North Carolina, for Appellee.  **ON BRIEF:**
Gretchen C. F. Shappert, United States Attorney, Charlotte,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

William Howard O'Neil, Jr., appeals his conviction and sentence for bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(a), (d). In this appeal, O'Neil challenges the district court's order vacating a magistrate judge's sua sponte rescission of the acceptance of his guilty plea, and its order upholding the validity of his Rule 11 hearing. For the reasons that follow, we affirm.

I.

In July 2007 a man wearing a black wig robbed a bank in Morganton, North Carolina. During the robbery, the man held what appeared to be a real gun to the head of one of the tellers. He ultimately fled in a white minivan. Some time later, police officers observed a white minivan parked outside the home of O'Neil's mother. The officers obtained consent to search the home and found a pellet gun during their search. The police, however, did not arrest O'Neil at that time because he did not match the description of the robber. Only after watching a videotape of the robbery did the officers arrest O'Neil.

A federal grand jury indicted O'Neil on October 1, 2007. The indictment alleged that O'Neil committed a bank robbery in violation of 18 U.S.C. § 2113(a), and that he assaulted a teller

with a dangerous weapon during the commission of the robbery in violation of § 2113(d).  The district court referred the matter to a magistrate judge, who appointed counsel for O'Neil on October 30, 2007.  On December 26, 2007, the government filed a plea agreement with the court in which O'Neil stipulated that there was a factual basis for his guilty plea and agreed to defer the factual-basis presentation required by Federal Rule of Criminal Procedure 11(b)(3) until sentencing.[1]  Then, on December 27, 2007, the magistrate judge held a Rule 11 hearing at which O'Neil pleaded guilty.  During this hearing, O'Neil stated that he had committed the acts charged in the indictment, that his plea was voluntary, and that he was satisfied with the representation of his attorney.  Despite these statements, O'Neil later wrote a letter to the district judge complaining about his attorney's performance.

---

[1]  The relevant section of the plea agreement reads as follows:

> With the Court's permission, the factual basis, as required by Fed. R. Crim. P. 11(b)(3), will be deferred until the time of sentencing. The defendant stipulates that there is a factual basis for the plea of guilty and that the Court may use the offense conduct set out in the Presentence Report, except any facts to which the defendant has objected, to establish a factual basis for the defendant's plea.

J.A. 13 (emphasis added).

3

As a result of the letter, the magistrate judge held a status hearing on January 9, 2008. During that hearing, O'Neil stated that he had been misled by counsel into pleading guilty and that he lied at the Rule 11 hearing when he admitted to committing the crimes charged. Counsel offered testimony refuting O'Neil's assertions regarding her performance. The magistrate judge found that O'Neil's complaints were baseless but appointed a new attorney in an abundance of caution. On January 22, 2008, during a second status hearing, the magistrate judge asked O'Neil's new attorney whether O'Neil wanted to withdraw his guilty plea. The attorney responded that he believed his client had some interest in doing so, but that he needed to talk to him first. At that same hearing, before the new counsel spoke with O'Neil, the magistrate judge rescinded the acceptance of the plea sua sponte, based on his belief that the plea could not stand after O'Neil repudiated his admission of guilt.

The government challenged the magistrate judge's decision before the district court. The district court vacated it and reinstated the guilty plea. In response, O'Neil moved the district court to withdraw his guilty plea and requested de novo review of the Rule 11 proceeding. The district court denied O'Neil's motion to withdraw the plea and upheld the validity of the Rule 11 proceeding. This appeal followed.

II.

O'Neil argues that the magistrate judge properly vacated his guilty plea because, after O'Neil repudiated his admission of guilt, there was no longer a factual basis for the plea. He further argues that the district court erred in failing to make a determination that a sufficient factual basis existed for acceptance of the guilty plea when reviewing the Rule 11 proceeding de novo. We analyze each of O'Neil's contentions in turn.

A.

We first consider the district court's order vacating the magistrate judge's sua sponte decision and reinstating O'Neil's guilty plea. A district court reviews a magistrate judge's Rule 11 decisions de novo. United States v. Benton, 523 F.3d 424, 432 (4th Cir. 2008). We review for abuse of discretion a district court's decision regarding whether to allow a guilty plea to stand. See id. at 434-35 (reviewing for abuse of discretion a district court's finding that there was no fair and just reason to vacate a guilty plea). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." United States v.

Delfino, 510 F.3d 468, 470 (4th Cir. 2007). O'Neil argues that the district court abused its discretion when it found the magistrate judge's vacatur to be improper and beyond the magistrate's authority. O'Neil asserts that, because his repudiation eliminated the factual basis for the plea, the magistrate judge's vacatur was justified. We disagree for the following reasons.

First, district courts have broad authority to overturn any Rule 11 decision made by a magistrate judge. This authority is firmly rooted in the statute authorizing magistrate judges' functions. "The Federal Magistrates Act grants district courts authority to assign magistrates certain described functions as well as 'such additional duties as are not inconsistent with the Constitution and laws of the United States.'" Peretz v. United States, 501 U.S. 923, 924 (1991) (quoting 28 U.S.C. § 636(b)(3)). We have found that "conducting a plea colloquy could be considered an 'additional duty' within the meaning of 28 U.S.C. § 636(b)(3)." Benton, 523 F.3d at 431. We have also noted "the litigants' right to seek de novo review of the [magistrate judge's] Rule 11 proceedings as a matter of right." Id. (emphasis omitted). Indeed, as the Supreme Court has explained, the reason why delegation of certain proceedings to magistrate judges does not run afoul of the Constitution is that "the entire process" before the magistrate judge "takes place

6

under the district court's total control and jurisdiction." Peretz, 501 U.S. at 937 (citing United States v. Raddatz, 447 U.S. 667, 681 (1980)). See also Benton, 523 F.3d at 430. The Court has further explained the broad discretion of the district judge with regard to proceedings before a magistrate judge as follows:

> The judge may initially decline to refer any matter to a magistrate. When a matter is referred, the judge may freely reject the magistrate's recommendation. He may rehear the evidence in whole or in part. He may call for additional findings or otherwise "recommit the matter to the magistrate with instructions."

Peretz, 501 U.S. at 938 (quoting Raddatz, 447 U.S. at 685 (Blackmun, J., concurring) (quoting 28 U.S.C. § 636(b)(1)). Accordingly, the district court here had full authority to overturn the magistrate judge's sua sponte decision to rescind the acceptance of the guilty plea.

Second, the district court was justified in overturning the plea rescission on these facts because the magistrate judge's decision was based on incorrect procedural grounds. The only reason the magistrate judge vacated the plea was that he believed he was obligated to do so once the factual basis for the plea disappeared as a result of O'Neil's repudiation. This view misinterprets the requirements of Rule 11. Under Rule 11(b)(3), "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the

7

plea." Fed. R. Crim. Pro. 11(b)(3). As we have previously explained:

> The requirement to find a factual basis is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."

United States v. Mastrapa, 509 F.3d 652, 660 (4th Cir. 2007) (quoting Fed. R. Crim. Pro. 11 advisory committee's note). However, "[b]ecause judgment is not entered until after sentencing, a court may defer the finding of a factual basis for the plea until [that time]." United States v. Martinez, 277 F.3d 517, 522 n.4 (4th Cir. 2002).[2] This court has specifically explained that the district court "is not required to make such a determination at the outset of the Rule 11 proceedings; it may defer its inquiry until sentencing." Id. at 531. See also United States v. Ketchum, 550 F.3d 363, 367 (4th Cir. 2008). Therefore, the district court did not abuse its discretion in finding that, although O'Neil repudiated his admission of guilt, the plea did not have to be vacated at that point.

---

[2] Martinez cited a previous version of Rule 11 that stated: "[N]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." 277 F.3d 517, 522 n.4. However, Martinez's analysis applies with equal force to the new wording of Rule 11. See United States v. Ketchum, 550 F.3d 363, 266-67 (4th Cir. 2008).

Third, the district court was correct to conclude that the magistrate judge had no legal authority to vacate the plea. We have explained that "[b]ecause it is essential to an orderly working of the criminal justice system that guilty pleas tendered and accepted in conformity with Rule 11 can be presumed final, it is the defendant's burden to demonstrate that [he] should be permitted to withdraw [his] plea."[3] United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995). At the time of the magistrate judge's decision, O'Neil had not moved to withdraw the plea. In fact, when asked whether O'Neil wanted to withdraw the plea, counsel responded that he believed his client had some interest in doing so, but that he needed to talk to him first. Not only had O'Neil not met his burden of justifying withdrawal of the plea at the time of vacatur, it was not even clear that he wanted to withdraw the plea at all. The magistrate judge nonetheless proceeded to vacate the plea because, thinking it improper to allow the plea to stand without a factual basis, he concluded that such a result was "fair and just." J.A. 61-62.

---

[3] We note that O'Neil does not challenge the propriety of any other aspect of the original Rule 11 proceeding, during which he unequivocally admitted his guilt. In fact, O'Neil concedes that the district court "properly analyzed" the issues of "whether the proceeding ensured that the defendant was competent, and that his plea was knowingly and voluntarily entered." Appellant's Br. at 10-11. O'Neil's only argument is that the factual basis for the plea disappeared once he repudiated his admission of guilt.

9

As we discussed above, the magistrate judge only has such authority as the district court delegates to him.  See Peretz, 501 U.S. at 924 (quoting 28 U.S.C. § 636(b)(3)).  Although the magistrate judge was authorized to conduct the plea hearing, there has been no showing he was ever authorized to vacate an existing plea.  Given the presumption of finality that attaches to a guilty plea, and absent any clear delegation of authority from the district court to the magistrate judge to vacate an existing plea, the district court was correct to hold that the magistrate judge exceeded his authority.

## B.

O'Neil further argues that the district court erred in not evaluating whether a factual basis for the plea was established at the time of the Rule 11 hearing.[4]  He asserts as follows:

---

[4] In reviewing the Rule 11 proceeding de novo, the role of the district judge is not to conduct the proceeding anew.  Such a rule would create a serious risk of gamesmanship in the system.  It would incentivize defendants to plead guilty before a magistrate judge, see what benefit they could derive from doing so, and, if they were unsatisfied with the result, simply request a new hearing before the district judge and plead not guilty.  That would clearly obliterate the "strong presumption that the plea is final and binding."  United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003).  Furthermore, this court has found that "for the purposes of Rule 11 . . . district judges retain the authority to review the magistrate judge's actions de novo."  Benton, 523 F.3d at 429.  Therefore it is clear that, in conducting a de novo review, the district judge's role is only
(Continued)

10

> The defendant acknowledges that the District Court ostensibly examined the factual basis at the time of the sentencing.[5] However, the defendant does not concede that this later finding of a factual basis alleviates the District Court from its[] obligations under Osborne to determine if a sufficient factual basis existed at the time of the plea hearing to support accepting the guilty plea.[6]

Appellant's Br. at 11 (footnotes added and citation omitted) (referencing United States v. Osborne, 345 F.3d 281 (4th Cir. 2003)). This argument is without merit. As explained above, a court is not required to establish a factual basis at the time of the plea hearing. See Martinez, 277 F.3d at 531; Ketchum,

---

to determine whether the Rule 11 hearing was proper at the time it was conducted.

[5] Although the district court acted within the scope of its authority, we think it appropriate to sound a cautionary note about the process involved for future reference. While O'Neil stipulated to deferring the factual basis at the plea hearing until sentencing--and even stipulated to the sufficiency of the facts set out in a presentence report that had yet to be prepared--his attorney stated that O'Neil declined to stipulate to the factual basis at sentencing. The mere stipulation in the plea agreement, without any actual facts being referenced or agreed upon, would probably not have sufficed at sentencing over O'Neil's objection. Here, we can rely on the fact, set forth in the PSR and not objected to, that O'Neil was plainly indicated on the bank videotape. In the future, however, reference to the facts supporting the factual basis to which the parties stipulated at the Rule 11 hearing would be helpful should a challenge arise.

[6] Nothing in Osborne, the case referenced by O'Neil in the paragraph quoted above, suggests otherwise. Osborne simply stands for the proposition that a de novo review by the district court of a magistrate judge's Rule 11 proceeding is not constitutionally required unless it is specifically requested by the litigants. Osborne, 345 F.3d at 290.

11

550 F.3d at 367. Instead, it can defer its inquiry until the time of sentencing. Id. In fact, the parties stipulated to the deferral of the factual-basis inquiry in the plea agreement filed with the court prior to the initial Rule 11 hearing.

Accordingly, because the factual basis inquiry for a guilty plea can be and indeed was properly deferred until sentencing, the district court did not err in failing to determine whether such a basis had been established at the time of the plea hearing.

### C.

Finally, we turn to the denial of O'Neil's motion to withdraw his guilty plea. O'Neil does not directly challenge that decision, and indeed attempted to distance himself from the issue at oral argument. In his brief, however, O'Neil suggests that, in reviewing the motion to withdraw the plea, the district court was responsible for determining whether a factual basis existed for it. We therefore address the issue in an abundance of caution.

As explained above, it is well settled that, when a defendant moves to withdraw a plea, he bears the burden of establishing a fair and just reason for the withdrawal. Bowman, 348 F.3d at 413-14. See also Fed. R. Crim. Pro. 11(d)(2)(B). O'Neil has made no attempt to do so, either before the

12

magistrate judge, the district court, or here. Our independent review also reveals a failure of proof as to this issue.

We have explained that "[a] defendant has no 'absolute right' to withdraw a guilty plea, and the district court has discretion to decide whether a 'fair and just reason' exists upon which to grant a withdrawal." Bowman, 348 F.3d at 413 (quoting United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000)). Moreover,

> when a district court considers the plea withdrawal motion, "'the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary' . . . . A voluntary and intelligent plea of guilty 'is an admission of all the elements of a formal criminal charge,' . . . and constitutes an admission of all 'material facts alleged in the charge.'"

Bowman, 348 F.3d at 414 (quoting United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993)) (alteration in original). Therefore, "a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Id.

In determining whether the defendant has met his burden of establishing the "fair and just reason" for the withdrawal, courts consider various factors, including:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had

13

close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).  The Moore factors "that speak most straightforwardly to the question whether the movant has a fair and just reason" to withdraw the plea "are the first, second, and fourth."  Sparks, 67 F.3d at 1154.  The rest "are better understood as countervailing considerations that establish how heavily the presumption should weigh in any given case."  Id.  O'Neil only ever raised, implicitly, factors one, two, and four before the magistrate judge and the district court.

With regard to the first factor, O'Neil argued before the magistrate judge that he would not have pleaded guilty but for the fact that his first attorney misled him.  In general, "[a] defendant who presents a reason for withdrawing his plea that contradicts the answers he gave at a Rule 11 hearing faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is 'fair and just.'"  United States v. Trussel, 961 F.2d 685, 690 (7th Cir. 1992).  See also United States v. Wells, No. 94-5666, 1996 U.S. App. LEXIS 7600, at *14 (4th Cir. Apr. 12, 1996).  In the present case, during the initial Rule 11 hearing, O'Neil stated that he was "entirely satisfied" with his attorney.  J.A. 91-92.  He has failed to

14

establish, on the basis of any record evidence, that his former attorney actually misled him; instead, he simply asks us to accept his allegation.[7] The magistrate judge found that O'Neil's allegations about his attorney were "baseless," J.A. 49, and explained that his decision to grant new counsel was "not due to anything that [counsel] did," J.A. 42. The magistrate judge emphasized that his counsel had "gone over and above what any lawyer would do . . . to represent a client." J.A. 42. We will not allow the first Moore factor to turn on a litigant's wholly unsupported bare assertion, particularly when it is adverse to an existing finding made by a judge who administered the proceeding and who had the opportunity to evaluate counsel's performance. We therefore find that the first Moore factor counsels against permitting withdrawal of the plea.

In order to satisfy the second Moore factor, a defendant "must do more than just demonstrate that [he] had a bona fide

---

[7] O'Neil argued before the magistrate judge that his counsel misled him into pleading guilty in "the way she explained about the jury" to him, J.A. 202, and "wasn't truthful to [him] about her investigation," J.A. 200. His counsel explained her interactions with O'Neil and explained why her statements to him had not been misleading. The magistrate judge found O'Neil's accusations to be unfounded. The record supports this finding and there is therefore no reason to disturb the magistrate judge's credibility determination. See Columbus-Am. Discovery Group v. Atl. Mut. Ins. Co., 56 F.3d 556, 567 (4th Cir. 1995) ("Absent extraordinary circumstances, we will not disturb a fact-finder's credibility determinations."). Therefore, for our purposes, O'Neil did not successfully establish that he was misled by his counsel.

15

belief that [his] actions were lawful[;] [he] must show that such a belief would translate into a credible assertion of legal innocence." Sparks, 67 F.3d at 1153. Here, O'Neil never explained his assertion of innocence, much less established that his belief of innocence was legally justified. A defendant's bare allegation of innocence does not, without more, satisfy the second Moore factor. See United States v. Cray, 47 F.3d 1203, 1209 (D.C. Cir. 1995) ("A defendant appealing the denial of his motion to withdraw a guilty plea . . . must do more than make a general denial [of guilt]."). We thus find that O'Neil has not satisfied the second Moore factor.

With regard to the fourth Moore factor, O'Neil must show: "(1) that his counsel's performance 'fell below an objective standard of reasonableness' and (2) that 'there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial.'" United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985)) (alteration in original). As explained above, O'Neil showed neither. The magistrate judge found O'Neil's complaints regarding counsel to be baseless and found that counsel more than adequately represented him. There is no other evidence in the record that his counsel's performance "fell below an

16

objective standard of reasonableness" or that she misled him into pleading guilty.  Bowman, 348 F.3d at 416.

In sum, O'Neil did not successfully establish any of the Moore factors or show any "fair and just" reason for the withdrawal of his plea before the magistrate judge or before the district court.  We thus find that the district court did not err in denying O'Neil's motion to withdraw his guilty plea.

III.

Accordingly, for the reasons set forth above, we affirm the district court's opinion overturning the magistrate judge's sua sponte vacatur of the guilty plea, its finding that the Rule 11 proceeding was proper, and its denial of O'Neil's motion to withdraw the plea.

AFFIRMED

17