**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4038**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LENNY LYLE CAIN,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:06-cr-00551-RDB-3)

_____

Submitted: December 1, 2009      Decided: December 14, 2009

_____

Before TRAXLER, Chief Judge, and MOTZ and AGEE, Circuit Judges.

_____

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

William Francis Xavier Becker, Rockville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lenny Lyle Cain appeals his conviction for aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (2006), and his sentence after pleading guilty to possessing false identification documents, aggravated identity theft, possessing a seal of the Social Security Administration knowing it was falsely made, and using the Social Security number of another person. On appeal, he contends that the district court erred in finding there was a sufficient factual basis for his aggravated identity theft conviction in light of Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009), and in calculating his guideline range on the other counts. Specifically, Cain argues that the district court erred in not granting his request for a downward departure under U.S. Sentencing Guidelines Manual § 4A1.3(b)(1) (2007). The Government concedes there is no evidence in the record showing Cain's knowledge that the means of identification involved in his aggravated identity theft conviction belonged to another person as required under § 1028A(a)(1), but contends his sentence on the other counts was both proper and reasonable.

Before entering judgment on a guilty plea, a district court must determine that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). The rule is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing

2

that his conduct does not actually fall within the charge. United States v. Mastrapa, 509 F.3d 652, 660 (4th Cir. 2007) (citations omitted). "It is 'well settled that a defendant may raise on direct appeal the failure of a district court to develop on the record a factual basis for a plea.'" United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008) (quoting United States v. Mitchell, 104 F.3d 649, 652 n.2 (4th Cir. 1997)). We review the district court's determination for abuse of discretion, and we will not find an abuse of discretion so long as the district court could reasonably have determined that there was a sufficient factual basis based on the record before it. Mastrapa, 509 F.3d at 660 (citations omitted). Since Cain did not challenge the Rule 11 proceedings in the district court, we review his challenge now for plain error. Id. at 657. Because we conclude that the record contains no factual basis showing Cain's knowledge that the means of identification involved in his aggravated identity theft conviction belonged to another person as required under § 1028A(a)(1), we vacate the conviction and sentence for that conviction.

Cain also contends that the district court erred in calculating his advisory guideline range on the other counts. We review a sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the

3

district court committed no significant procedural error, such as improperly calculating the guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). In assessing a sentencing court's application of the guidelines, we review its legal conclusions de novo and its factual findings for clear error. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

On appeal, Cain notes the objections he made in the district court and contends the district court erred in not granting his request for a downward departure under USSG § 4A1.3(b)(1). We dismiss this part of Cain's appeal because a district court's decision not to depart from the sentencing guidelines is not reviewable on appeal unless the court mistakenly believed that it lacked authority to depart. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). To the extent that Cain otherwise challenges the district court's calculation of his advisory guideline range and sentence, we find no error or abuse of discretion by the district court.

We therefore vacate Cain's conviction and sentence for aggravated identity theft; dismiss his appeal in part; affirm his other convictions and sentences; and remand to the district court for further proceedings consistent with this opinion. We

4

grant Cain's motion to advance consideration of this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART, AFFIRMED IN PART,
VACATED IN PART, AND REMANDED