**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4308**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NELSON EDDY BARHAM, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:09-cr-00309-CMC-2)

Submitted:  December 16, 2010      Decided:  January 21, 2011

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant.  William N. Nettles, United States Attorney, James C. Leventis, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nelson Eddy Barham, Jr., was convicted, following his guilty plea, of conspiracy to launder the proceeds of an unlawful activity (cocaine distribution), in violation of 18 U.S.C. § 1956(h) (2006) ("Count One"), and knowingly and intentionally permitting the storage, distribution, and use of cocaine in his place of business, in violation of 21 U.S.C. § 856(a)(2) (2006) ("Count Eight"). On appeal, Barham asserts that there was an insufficient factual basis to support his guilty plea to Count One and that the district court abused its discretion in denying his motion to withdraw his guilty plea. For the following reasons, we reject these arguments and affirm.

Barham's indictment stemmed from his involvement in a money laundering transaction. Acting on behalf of Robert Garrick, Barham's business partner and an admitted drug dealer, Barham negotiated for Garrick to purchase a strip club. Garrick used drug proceeds to pay one of the club owners $190,000.00 in cash. This aspect of the sale went unreported. Barham contends there was an insufficient factual basis as to Count One because, during the Federal Rule of Criminal Procedure 11 colloquy, he denied knowing that the purchase money came from cocaine distribution or that the intent of the transaction was to avoid various reporting requirements.

Rule 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." As we have explained, "[t]he rule is intended to ensure that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United States v. Mastrapa, 509 F.3d 652, 659-60 (4th Cir. 2007) (internal quotation marks omitted). In making a Rule 11(b)(3) determination, the district court has broad discretion and need not conduct a trial; moreover, the court is not constrained to rely only on the plea colloquy, but may conclude that a factual basis exists from anything that appears on the record. United States v. Ketchum, 550 F.3d 363, 366-67 (4th Cir. 2008); see also United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991) (noting that Rule 11 does not require the district court to establish through its colloquy that a factual basis exists for the plea). The district court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997).

We have carefully reviewed the record and conclude there was ample support for the district court's factual basis determination. First and foremost, in his plea agreement,

3

Barham stipulated to knowing or believing that the purchase money was "the proceeds of an offense involving the distribution of a controlled substance." At no point in the proceedings did Barham challenge this stipulation. Moreover, Barham's presentence report ("PSR") detailed his knowledge of the source of the laundered funds, and Barham did not pursue his objection to that portion of the PSR. Further, Barham's testimony at the Rule 11 hearing squarely belies his contention that there was insufficient support for the court's finding that he knew the purpose of the transaction was to conceal the funds and to avoid reporting requirements. Accordingly, we hold the district court properly determined there was a factual basis for the guilty plea as to Count One. See DeFusco, 949 F.2d at 120.

Barham also maintains the district court erred by denying his motion to withdraw his plea. We review a denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). In determining whether the trial court abused its discretion in denying such a motion, this court considers the six factors articulated in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). These factors include whether: (1) the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) the defendant has credibly asserted his legal innocence; (3) there has been a delay between the entering of

4

the plea and the filing of the motion; (4) the defendant has had close assistance of competent counsel; (5) the withdrawal will cause prejudice to the government; and (6) the withdrawal will inconvenience the court and waste judicial resources. Id.

We have reviewed the district court's analysis of and findings on this issue, and conclude the court did not abuse its discretion in denying Barham's motion. Barham offered no evidence that his plea was not knowing or voluntary, and he did not credibly assert his legal innocence. Accordingly, we reject Barham's challenge to the disposition of this motion.

For these reasons, we affirm the district court's denial of Barham's motion to withdraw his guilty plea and the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5