**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4021**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAWNICE IQUAN WILKINS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:10-cr-00129-F-1)

---

Submitted:  July 13, 2011        Decided:  July 15, 2011

---

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Terry F. Rose, ATTORNEY AND COUNSELOR AT LAW, Smithfield, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, David A. Bragdon, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dawnice Iquan Wilkins pled guilty to conspiracy to commit mail fraud and wire fraud, 18 U.S.C. §§ 371, 1341, and 1344. The district court calculated Wilkins' Guidelines range under the U.S. Sentencing Guidelines (USSG) at 27 to 33 months' imprisonment, departed upward pursuant to USSG §§ 2B1.1, comment. (n.19(A)), and 4A1.3(a)(1), p.s., and sentenced Wilkins to sixty months' imprisonment. On appeal, Wilkins challenges the factual basis supporting her guilty plea and the departure sentence imposed by the district court. We affirm.

Because Wilkins did not move in the district court to withdraw her guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Rule 11(b)(3) provides that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). As we have explained, "[t]he rule is intended to ensure that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United States v. Mastrapa, 509 F.3d 652, 659–60 (4th Cir. 2007) (citation and internal quotation marks omitted). In making a Rule 11(b)(3) determination, the district court has broad discretion and need not conduct a trial; moreover, the district court is not constrained to rely only on the plea

colloquy, but may conclude that a factual basis exists from anything that appears on the record. United States v. Ketchum, 550 F.3d 363, 366-67 (4th Cir. 2008); see also United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991) (noting that Rule 11 does not require the district court to establish through its colloquy that a factual basis exists for the guilty plea). The district court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997).

We have carefully reviewed the record and conclude there was ample evidentiary support for the district court's factual basis determination. First and foremost, in her plea agreement, Wilkins stipulated to entering into an agreement with others to "knowingly use the mail for the purpose of executing a scheme to defraud" and to "knowingly execute a scheme to defraud a financial institution and to obtain moneys under the custody and control of a financial institution by means of false and fraudulent pretenses, representations, and promises." (J.A. 45). At no point in the proceedings did Wilkins challenge this stipulation. Moreover, Wilkins' presentence report (PSR) detailed her knowledge of, and participation in, the charged conspiracy, and Wilkins did not object to that portion of the PSR. Further, Wilkins testimony at the Rule 11 hearing squarely

belies her contention that there was insufficient evidentiary support for the district court's finding that she participated in the charged conspiracy. Accordingly, we hold the district court properly determined there was a factual basis for the guilty plea. DeFusco, 949 F.2d at 120.

When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth at 18 U.S.C. § 3553(a). Gall v. United States, 552 U.S. 38, 51 (2007). Appellate review of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 41.

A district court may depart upward from the Guidelines range under USSG § 4A1.3(a)(1), p.s., when "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s.; United States v. Whorley, 550 F.3d 326, 341 (4th Cir. 2008) (noting that an under-representative criminal history category is an encouraged basis for departure). In determining whether a departure sentence is appropriate in such circumstances, the Guidelines state that a district court may consider prior sentences not used in the criminal history calculation, prior sentences of "substantially more than one

year" for independent crimes committed at different times, prior similar misconduct resolved by civil or administrative adjudication, charges pending at the time of the offense, or prior similar conduct that did not result in a conviction. USSG § 4A1.3(a)(2), p.s.

The Guidelines also permit an upward departure where the fraud offense level substantially understates the seriousness of the offense. Id. § 2B1.1, comment. (n.19(A)). One of the factors to consider in this determination is whether the "offense caused or risked substantial non-monetary harm," including "a substantial invasion of privacy interest." Id. § 2B1.1, comment. (n.19(A)(ii)).

In this case, the record supports the district court's conclusion that Wilkins' criminal history category failed to reflect adequately the seriousness of her criminal history and the likelihood of her recidivism. Wilkins had over ten unscored convictions not included in her criminal history category, a lengthy criminal history replete with recidivism, and numerous convictions involving fraud. Moreover, the record supports the conclusion that Wilkins' offense level understated the seriousness of the offense. Wilkins created over 250 fraudulent bank accounts and used over 115 legitimate social security numbers to set up those accounts. We agree with the district court that the potential financial harm, embarrassment, and

inconvenience to the affected individuals is "immeasurable." (J.A. 73). Thus, the district court did not err when it decided to depart upward from Wilkins' advisory Guidelines range.

When reviewing the reasonableness of an upward departure sentence, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" United States v. Pauley, 511 F.3d 468, 474 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Under 18 U.S.C. § 3553(a), the district court should consider the nature and circumstances of the offense and the history and characteristics of the defendant. The district court should impose a sentence that reflects the seriousness of the offense, and the need to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes, and to provide the defendant with adequate rehabilitation or medical treatment.

We have reviewed the record and conclude that, in imposing the upward departure sentence, the district court provided an adequate individualized assessment of the relevant § 3553(a) sentencing factors in relation to Wilkins and her criminal conduct. The district court took into consideration Wilkins'

prior criminal conduct, which demonstrated a lack of respect for the law, the serious nature of her offense, and the need for the sentence to deter Wilkins and protect the public. Moreover, in departing upward three criminal history categories, the district court followed the correct incremental approach, which requires the district court to refer first to the next higher category and explain why it fails to reflect the seriousness of the defendant's record before considering a higher category. United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992). Finally, considering the potential harm in play, the district court's modest two-level increase under USSG § 2B1.1, comment. (n.19(A)), was reasonable.

For these reasons, we affirm Wilkins' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED