PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 07-4978

RONALD EVERETT KETCHUM,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Robert J. Conrad, Jr., Chief District Judge.
(5:06-cr-00026-RJC)

Argued: October 31, 2008

Decided: December 24, 2008

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by published opinion. Judge Shedd wrote the opinion, in which Judge Michael and Judge Duncan joined.

## COUNSEL

**ARGUED**: Randolph Marshall Lee, Charlotte, North Carolina, for Appellant. Adam Christopher Morris, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

## OPINION

SHEDD, Circuit Judge:

Ronald Ketchum pled guilty and was convicted of taking money from a bank "by force and violence, or by intimidation" in violation of 18 U.S.C. § 2113(a), but he now appeals his conviction, arguing that the district court erred in finding a sufficient factual basis for his plea. We reject his contention and affirm the conviction.

I

The following facts are not disputed. On February 14, 2006, Ketchum entered a Bank of America branch in Lenoir, North Carolina, and handed a teller a note that read: "These people are making me do this." After the teller read the note and placed it aside, Ketchum stated: "They are forcing me and have a gun. Please don't call the cops. I must have at least $500." The teller placed $1,686 into a bag and gave it to Ketchum. Ketchum asked the teller to return the note to him, and he then exited the bank with the note and money. The teller followed Ketchum to the door and recorded the license plate on his vehicle. Ketchum was apprehended a short time later, and he voluntarily confessed to law enforcement officers that he had committed the crime.

As a result of the foregoing, a federal grand jury indicted Ketchum on two counts arising under the federal bank robbery statute, 18 U.S.C. § 2113. The first count, brought pursuant to § 2113(a), charged Ketchum with taking the money from the bank "by force, violence and intimidation;" the second count, brought pursuant to § 2113(b), charged him with taking the money from the bank "with intent to steal and purloin."[1]

---

[1]The terms "bank robbery" and "bank larceny" do not appear in the text of §§ 2113(a) or 2113(b), *see Carter v. United States*, 530 U.S. 255, 266-

Without having a plea agreement, Ketchum appeared before a magistrate judge for a plea hearing. Ketchum expressly consented to proceed with the plea hearing before the magistrate judge. During this hearing, the magistrate judge explained Ketchum's rights to him and stated that a district judge would hold a later hearing to determine whether a factual basis for the plea existed and to impose his sentence. Although there was some discussion about whether Ketchum could ultimately be sentenced for both charged crimes, the magistrate judge and the parties agreed that the issue would be resolved by the district judge. Ketchum then pled guilty to both of the charged crimes. Finding that Ketchum's plea was knowingly and voluntarily made, the magistrate judge accepted the plea.

Before sentencing, Ketchum filed several objections to the presentence report ("PSR"). Pertinent to this appeal, Ketchum objected to the probation officer's recommendation that he receive a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(F) for making a threat of death. Ketchum argued that he did not make such a threat, but if he did, it was directed at himself. Ketchum also objected to having judgment entered against him for bank robbery and bank larceny, arguing that bank larceny is a lesser-included offense of bank robbery.

---

67 (2000), but an offense under § 2113(a) is commonly referred to as "bank robbery," and an offense under § 2113(b) is commonly referred to as bank larceny, *see, e.g.*, *United States v. Carter*, 540 F.2d 753, 754 (4th Cir. 1976). Although these crimes are "very similar," they "are most strikingly differentiated by the element of 'force and violence, or . . . intimidation' which is required for conviction of bank robbery, but not for bank larceny." *Id.* The penalty for bank larceny is less severe than for bank robbery, but bank larceny is not a lesser-included offense of bank robbery. *Carter v. United States*, 530 U.S. at 259. We note that *Carter v. United States* abrogated *United States v. Walker*, 75 F.3d 178 (4th Cir. 1996), in which we had reaffirmed circuit precedent holding that bank larceny is a lesser-included offense of bank robbery. *See* 530 U.S. at 260.

Ketchum thereafter appeared before a district judge for sentencing. At the beginning of the sentencing hearing, the district judge inquired whether Ketchum still intended to plead guilty, and Ketchum responded that he did. The district judge then inquired whether a factual basis exists to support the plea. The parties stipulated that the underlying facts are set forth in the PSR. Based on that stipulation, the district judge found that the plea is supported by an adequate factual basis.

Having accepted Ketchum's plea, the district judge considered Ketchum's objections to the PSR. In presenting the above-noted objections, Ketchum's attorney stated (*inter alia*) that he did not "take issue with the underlying facts of this case," J.A. 43, but he noted that "there may be an insufficient factual basis . . . to sustain a conviction for bank robbery," J.A. 45. For that reason, Ketchum's attorney asked the district court to dismiss the bank robbery count and sentence Ketchum on the bank larceny count. The district judge ultimately concluded that Ketchum had in fact made a threat using "language of intimidation," J.A. 50, but that he had not made a threat of death. Accordingly, the district judge sustained Ketchum's objection to the two-level enhancement and overruled his other objections. The district court sentenced Ketchum to a prison term of 60 months on the bank robbery count and dismissed the bank larceny count.

II

As noted, Ketchum contends that an insufficient factual basis exists to support his conviction for bank robbery. Specifically, Ketchum argues that there is no evidence that he used "intimidation" to commit the bank crime.[2] Without such evidence, Ketchum cannot be guilty of § 2113(a) bank robbery because there is no contention that he used force or violence to commit the crime. *See United States v. Davis*, 915 F.2d 132, 133 (4th Cir. 1990) (noting that § 2113(a), "by its

---

[2]Ketchum does not challenge any other aspect of his conviction.

terms, cannot be violated unless property is taken 'by force and violence' or 'by intimidation'").

A.

Federal Rule of Criminal Procedure 11(b)(3) requires the district court to determine whether a factual basis exists before entering judgment on a guilty plea. As we recently explained:

> The rule is intended to ensure that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime. The requirement to find a factual basis is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.

*United States v. Mastrapa*, 509 F.3d 652, 659-60 (4th Cir. 2007) (citations and internal punctuation omitted). It is "well settled that a defendant may raise on direct appeal the failure of a district court to develop on the record a factual basis for a plea. . . ." *United States v. Mitchell*, 104 F.3d 649, 652 n.2 (4th Cir. 1997).

In making the Rule 11(b)(3) determination, the district court "possesses wide discretion," and it "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *Mitchell*, 104 F.3d at 652. The district court is not required to "replicate the trial that the parties sought to avoid," *id.*, or to "rely only on the Rule 11 plea colloquy," *Mastrapa* 509 F.3d at 660. Rather, the district court "may conclude that a factual basis exists from anything that appears on the record," *id.* (citation and internal punctuation omitted), and "it may defer its inquiry until sentencing," *United States*

*v. Martinez*, 277 F.3d 517, 531 (4th Cir. 2002). A "stipulated recitation of facts alone [is] sufficient to support a plea. . . ." *United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996). We review the district court's finding of a factual basis for abuse of discretion, and "we will not find an abuse of discretion so long as the district court could reasonably have determined that there was a sufficient factual basis based on the record before it." *Mastrapa*, 509 F.3d at 660.[3]

B.

The "intimidation element of § 2113(a) is satisfied if an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts, whether or not the defendant actually intended the intimidation." *United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996) (internal punctuation omitted). "Under this test, the subjective courageousness or timidity of the victim is irrelevant; the acts of the defendant must constitute intimidation to an ordinary, reasonable person." *United States v. Wagstaff*, 865 F.2d 626, 627-28 (4th Cir. 1989) (citation omitted).

The "display of a weapon, a threat to use a weapon, or even a verbal or nonverbal hint of a weapon is not a necessary ingredient of intimidation under § 2113(a)." *United States v. Gilmore*, 282 F.3d 398, 402 (6th Cir. 2002). Moreover, "[i]ntimidation does not require proof of express threats of

---

[3]The magistrate judge's participation in the plea proceeding accords with our precedent. *See United States v. Osborne*, 345 F.3d 281 (4th Cir. 2003) (holding that magistrate judges are authorized to conduct plea proceedings and that de novo review by a district judge is not required unless the defendant requests such review or objects to some aspect of the magistrate judge's plea colloquy); *United States v. Benton*, 523 F.3d 424 (4th Cir.), *cert. denied*, 129 S. Ct. 490 (2008) (holding that magistrate judges are authorized to accept guilty pleas); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991) ("In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant.").

bodily harm, threatening body motions, or the physical possibility of a concealed weapon." *Id.* at 403. Indeed, intimidation generally may be established based on nothing more than a defendant's written or verbal demands to a teller, as the Sixth Circuit has explained:

> A review of the case law reveals that making a written or verbal demand for money to a teller is a common means of successfully robbing banks. Demands for money amount to intimidation because they carry with them an implicit threat: if the money is not produced, harm to the teller or other bank employee may result. Bank tellers who receive demand notes are not in a position to evaluate fully the actual risk they face.

*Id.* at 402;[4] *see also United States v. Hill*, 187 F.3d 698, 701 (7th Cir. 1999) (holding that a "defendant's actions can rise to the level of intimidation if he confronted a bank employee during the commission of the crime, even if the defendant was unarmed or did not explicitly threaten a bank employee"); *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983) (holding that although "the evidence showed that [the defendant] spoke calmly, made no threats, and was clearly unarmed, . . . the threats implicit in [his] written and verbal demands for money provide sufficient evidence of intimidation to support the jury's verdict").[5]

---

[4]In *Gilmore*, the Sixth Circuit held that "unequivocal written and verbal demands for money to bank employees are a sufficient basis for a finding of intimidation" under § 2113(a). *Gilmore*, 282 F.3d at 403.

[5]In *Hopkins*, the defendant presented a note to the teller that read: "Give me all your hundreds, fifties and twenties. This is a robbery." 703 F.2d at 1103. After the teller replied that she had no hundreds or fifties, the defendant stated: "Okay, then give me what you've got." When the teller left the bank window (ostensibly to get the money) and went to the vault, the defendant "left the bank in a nonchalant manner." *Id.*

## C.

Viewed in this light, we conclude that the evidence is sufficient to establish that Ketchum took the money from the bank "by intimidation." After presenting the note to the teller that read, "These people are making me do this," Ketchum then stated, "They are forcing me and have a gun. Please don't call the cops. I must have at least $500." In response, the teller gave Ketchum $1,686, and he left the bank. Ketchum thus not only confronted the teller and made a verbal demand for money, which alone may be sufficient to constitute intimidation, but he also referenced a gun. The fact that Ketchum did not specify who possessed the gun or how the gun would be used is immaterial because an ordinary person in the teller's position reasonably could infer that the gun would be used against the teller (or perhaps someone else) if Ketchum's demand for money was not met. *See generally United States v. Epps*, 438 F.2d 1192, 1193 (4th Cir. 1971) (finding that note that read "Put all your money in this bag and nobody will get hurt" sufficient to sustain conviction for bank robbery by intimidation).[6]

---

[6]Ketchum argues that his comments regarding the gun can be construed only to imply that he (rather than a teller) was at risk and, consequently, he was merely appealing to the teller's sympathy. Although not directly on point, the Ninth Circuit addressed a somewhat similar argument in *United States v. Strandberg*, 952 F.2d 1149 (9th Cir. 1991), which was an appeal from a sentencing enhancement for an "express threat of death" under U.S.S.G. § 2B3.1(b)(2)(F). During the bank robbery, the defendant (who apparently was alone) told the teller not to pull the alarm "or my friend will start shooting." 952 F.2d at 1150. On appeal, the defendant argued that he did not expressly threaten death because "the threat did not indicate that a person would be shot." *Id.* at 1151. However, the Ninth Circuit affirmed the enhancement, noting that § 2B3.1(b)(2)(F) "does not require that the defendant state that he intends to kill the teller if his demands are not met," and concluding that "a reasonable person hearing the words 'my friend will start shooting' if the . . . alarm is pulled would experience significantly greater fear than the level of intimidation that is necessary to constitute an element of the offense of robbery." 952 F.2d at 1151.

Ketchum's reliance on our decision in *Wagstaff* is misplaced. In that case, we found insufficient evidence to sustain a § 2113(a) bank robbery conviction where the defendant, who never came within eight feet of a teller, walked through an open gate and removed money from an open cash drawer. We held that because the defendant "was neither wearing nor carrying a weapon, produced no note and said nothing, and made no threatening gestures," the evidence was insufficient as a matter of law to support a conclusion that he committed the crime by intimidation. *Id.* at 629. The *Wagstaff* facts are wholly inapposite to this case, where Ketchum directly confronted a teller and mentioned a gun during his demand for money.

## III

Based on the foregoing, we hold that the district court did not abuse its discretion in finding sufficient facts to support Ketchum's plea to § 2113(a) bank robbery. Accordingly, we affirm the judgment.

*AFFIRMED*