**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4531**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

GARY DELINO HOLMES,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:06-cr-01319-RBH-1)

Submitted:  November 30, 2010         Decided:  January 6, 2011

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wallace H. Jordan, Jr., Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Delino Holmes appeals from his conviction and 292-month sentence following his guilty plea to one count of conspiracy to possess with intent to distribute and to distribute 5 grams or more of cocaine base, 500 grams or more of cocaine, and 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2006) ("Count One"); and one count of using, carrying and possessing a firearm during and in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006) ("Count Five"). Holmes's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal, but questioning whether a sufficient factual basis exists to support Holmes's guilty plea to Count Five; and whether Holmes should have been subjected to the five-year mandatory minimum sentence on Count Five. Holmes filed a pro se supplemental brief challenging his sentence. We affirm.

Holmes first argues that the district court erred in accepting his guilty plea to Count Five because it was not supported by a factual basis. Federal Rule of Criminal Procedure 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." This rule is "intended to ensure that the court make clear exactly what a defendant admits to, and whether

2

those admissions are factually sufficient to constitute the alleged crime," and it "is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." United States v. Mastrapa, 509 F.3d 652, 659-60 (4th Cir. 2007).

"[A] defendant may raise on direct appeal the failure of a district court to develop on the record a factual basis for a plea." United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008) (internal quotation marks omitted). In assessing the factual basis, the district court has wide discretion and need not "replicate the trial that the parties sought to avoid" or "rely only on the Rule 11 plea colloquy," but "may conclude that a factual basis exists from anything that appears on the record." Ketchum, 550 F.3d at 366-67 (internal quotation marks omitted). This court reviews a district court's finding of a factual basis for abuse of discretion, and the court "will not find an abuse of discretion so long as the district court could reasonably have determined that there was a sufficient factual basis based on the record before it." Mastrapa, 509 F.3d at 660.

A violation of § 924(c)(1) requires proof that the defendant used or carried a firearm during and in relation to a drug trafficking crime or possessed a firearm in furtherance of

3

a drug trafficking crime. United States v. Nelson, 484 F.3d 257, 260 (4th Cir. 2007) (noting elements under § 924(c) statute for use or carry); United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (same, for possession in furtherance). A firearm can further or advance drug trafficking by "provid[ing] a defense against someone trying to steal drugs or drug profits, or . . . lessen[ing] the chance that a robbery would even be attempted." Lomax, 293 F.3d at 705 (internal quotation marks omitted). Factors that indicate a connection between the possession of a firearm and drug trafficking activity include the accessibility of the firearm and the gun's proximity to drugs. Id.

Here, both the presentence report and the factual basis provided by the Government establish that Holmes carried the firearm and the narcotics on his person. Accordingly, we find that there was no Rule 11 error when the court found a factual basis for Holmes's plea.

Holmes also argues that he should not have been subjected to the five-year mandatory minimum sentence on Count Five because he was subject to a mandatory minimum sentence on Count One. The Supreme Court has recently rejected the interpretation of § 924(c)(1) advanced by Holmes. Abbott v. United States, __ S. Ct. __, 2010 WL 4569898 (U.S. Nov. 15, 2010) (Nos. 09-479, 09-7073). Therefore, his sentence is not

4

subject to attack on this ground. We have also considered Holmes's pro se arguments, and find they entitle him to no relief.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Holmes's convictions and sentence. This court requires that counsel inform Holmes, in writing, of the right to petition the Supreme Court of the United States for further review. If Holmes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Holmes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>