**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4938**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DANIEL EUGENE FROST, a/k/a Jackson,

        Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Henry F. Floyd, District Judge.
(8:09-cr-00887-HFF-4)

Submitted:  June 2, 2011        Decided:  September 20, 2011

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.
William N. Nettles, United States Attorney, A. Lance Crick,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Eugene Frost pled guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to one count of conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Frost to 200 months' imprisonment. On appeal, Frost asserts that the district court erred in accepting his guilty plea because the factual basis offered by the Government at the Fed. R. Crim. P. 11 hearing was insufficient to support the plea. We affirm.

The district court is required to satisfy itself that there is a factual basis for a defendant's guilty plea prior to entering judgment. Fed. R. Crim. P. 11(b)(3). "The rule is intended to ensure that the [district] court make[s] clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008) (internal quotation marks omitted). Because Frost did not move to withdraw his guilty plea on the basis of an insufficient factual basis, we review his challenge for plain error, United States v. Martinez, 277 F.3d 517, 524-26, 532 (4th Cir. 2002), which exists when a clear or obvious error by the district court affects a defendant's substantial rights, United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009).

2

We conclude that Frost fails to show error by the district court. A defendant's guilt on a charge of conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine is established by showing that: (1) two or more persons agreed to possess with the intent to distribute 500 grams or more of methamphetamine; (2) the defendant knew of the conspiracy; and (3) the defendant "knowingly and voluntarily became a part of" the conspiracy. United States v. Yearwood, 518 F.3d 220, 227 (4th Cir. 2008) (internal quotation marks omitted).

Frost concedes that the factual basis established that he knew of the conspiracy to possess with the intent to distribute methamphetamine, but contends that the evidence was insufficient to prove he was a member of the conspiracy. He argues that the factual basis established a mere buyer-seller relationship between himself and others. Although evidence showing that a defendant is a buyer or seller in a drug transaction, standing alone, is insufficient to prove the defendant's participation in a conspiracy, see United States v. Mills, 995 F.2d 480, 485 (4th Cir. 1993), evidence of a buyer-seller relationship is relevant to "the issue of whether a conspiratorial relationship exists," Yearwood, 518 F.3d at 226 (internal quotation marks omitted). Further, "[e]vidence of a buy-sell transaction coupled with a substantial quantity of

3

drugs . . . support[s] a reasonable inference that the parties [are] co-conspirators." United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008) (internal quotation marks and ellipsis omitted). Likewise, continued relationships and repeated drug transactions between parties are indicative of a conspiracy, particularly when the transactions involve substantial amounts of drugs. Id.

In this case, the Government's recitation of the facts, to which Frost agreed, established that he made multiple exchanges and purchases of "pound quantities" of methamphetamine at the residence of a co-conspirator, pursuant to the coordinated efforts of another co-conspirator, and that on the day of his arrest, Frost possessed pound quantities of the drug and transported it to the residence for such an exchange. This evidence is sufficient to establish Frost's participation in the conspiracy. Accordingly, we discern no plain error in the district court's acceptance of Frost's guilty plea.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED