<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4257**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FLOYD B. MOORE, a/k/a Jesse, a/k/a Diamond Jesse,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge. (2:09-cr-00222-2)

Submitted: December 29, 2011        Decided: February 2, 2012

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Amy Lee Copeland, AMY LEE COPELAND, LLC, Savannah, Georgia, for Appellant.  R. Booth Goodwin, II, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Floyd B. Moore pled guilty, pursuant to a written plea agreement, to one count of a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (2006). The district court sentenced Moore to fifty-seven months' imprisonment. On appeal, Moore argues that the district court erred in finding that a sufficient factual basis supported his guilty plea and that trial counsel rendered ineffective assistance. The Government has moved for summary dismissal of the appeal, arguing that Moore waived his ability to appeal the district court's determination that an adequate factual basis supported his guilty plea and is barred by the invited error doctrine from raising this challenge on appeal, and that ineffective assistance of counsel does not conclusively appear on the record. Although we deny the Government's motion to dismiss the appeal, we affirm the district court's judgment.[*]

---

[*] The Government relies on United States v. Willis, 992 F.2d 489 (4th Cir. 1993), to support its argument that this court should summarily dismiss this appeal. Willis, however, stands for the unremarkable proposition that a defendant's knowing, voluntary, and intelligent guilty plea waives non-jurisdictional defects, including the right to challenge factual guilt to the charges at issue. Id. at 490-91. Moore's appellate challenge to the district court's conclusion that an adequate factual basis supported his guilty plea is premised on the court's alleged failure to comply with Fed. R. Crim. P. 11(b)(3) and is thus not foreclosed by Willis. See United States v. Mitchell, 104 F.3d 649, 652 n.2 (4th Cir. 1997). We also conclude that the invited error doctrine does not bar our consideration of
(Continued)

2

The district court is required to satisfy itself that there is a factual basis for a defendant's guilty plea prior to entering judgment on the plea. Fed. R. Crim. P. 11(b)(3). "The rule is intended to ensure that the court make[s] clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008) (internal quotation marks omitted). Because Moore did not challenge the sufficiency of the factual basis supporting his guilty plea in the district court, we review his challenge for plain error only. United States v. Mastrapa, 509 F.3d 652, 656-57 (4th Cir. 2007). To prevail under this standard, Moore must establish that a clear or obvious error by the district court affected his substantial rights. United States v. King, 628 F.3d 693, 699 (4th Cir. 2011).

The RICO Act provides that it is unlawful for any person "associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering

---

Moore's Rule 11(b)(3)-based challenge. Id. Further, summary dismissal of Moore's claim of ineffective assistance of counsel is not warranted. 4th Cir. R. 27(f).

3

activity." 18 U.S.C. § 1962(c). A defendant's guilt on a charge of violating § 1962(c) is thus established by showing: (1) the existence of an enterprise; (2) the defendant's association with the enterprise; (3) the defendant's participation in the affairs of the enterprise; (4) a pattern of racketeering activity; and (5) the enterprise's effect on interstate commerce. United States v. Hooker, 841 F.2d 1225, 1227 (4th Cir. 1988) (en banc). "Racketeering activity" is defined as "any act or threat" involving specified crimes under state law punishable by imprisonment for more than one year or "any act [that] is indictable" under various federal criminal statutes, including the Travel Act, 18 U.S.C. § 1952 (2006). 18 U.S.C. § 1961(1)(A)-(B) (2006). For a "pattern" of such activity to be present, there must be proof of at least two racketeering acts within a ten-year period. Id. § 1961(5). Additionally, the racketeering acts must be related and must amount to or pose a threat of continued criminal activity. H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989); ePlus Tech., Inc. v. Aboud, 313 F.3d 166, 181 (4th Cir. 2002).

Moore contends that the factual basis supporting his plea was insufficient because it failed to establish a violation of the Travel Act, one of the predicate acts forming the basis for his RICO violation. We disagree. In this case, the record makes clear that third parties traveled interstate at Moore's

4

direction to deliver to him proceeds of illegal gambling activity. We also reject as without merit Moore's assertion that no Travel Act violation is present because the illegal gambling activity at issue in this case did not constitute a continuous course of conduct. Interruption-less activity is not the sine qua non of a business enterprise for Travel Act purposes. See United States v. Rawle, 845 F.2d 1244, 1246, 1248-49 (4th Cir. 1988). Further, after a thorough review of the record and the parties' briefs, we reject as meritless Moore's claim that the predicate racketeering acts lacked sufficient continuity and relationship to constitute a pattern of racketeering activity. Accordingly, we discern no error, plain or otherwise, by the district court.

Moore also claims that trial counsel rendered ineffective assistance in the proceedings before the district court. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion. Id. An exception exists, however, where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). After review of the record, we find no conclusive evidence that trial counsel

rendered ineffective assistance, and we therefore decline to consider this claim on direct appeal.

Accordingly, we deny the Government's motion to dismiss the appeal, but affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED