<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4882**
_____

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

RAFAEL VALDERRAMA, a/k/a Rafa,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:07-cr-00200-NCT-3)

_____

Submitted: March 5, 2012         Decided: March 12, 2012

_____

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant. Sandra Jane Hairston, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafael Valderrama pled guilty pursuant to a plea agreement to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C.A. § 841(b)(1)(A) (West 2006 & Supp. 2011), and 21 U.S.C. § 846 (2006), and one count of currency smuggling, in violation of 31 U.S.C. § 5332(a)(1), (b)(1) (2006). The district court sentenced Valderrama to concurrent terms of 235 months' imprisonment on the conspiracy count and sixty months' imprisonment on the currency smuggling count; both sentences were within the range recommended by the U.S. Sentencing Guidelines Manual (2007). On appeal from the court's amended judgment, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court reversibly erred in finding that a sufficient factual basis supported Valderrama's guilty plea on the currency smuggling count. Valderrama also filed a pro se supplemental brief raising several issues. We affirm.

The district court is required to satisfy itself that there is a factual basis for a defendant's guilty plea prior to entering judgment on the plea. Fed. R. Crim. P. 11(b)(3). "The rule is intended to ensure that the court make[s] clear exactly what a defendant admits to, and whether those admissions are

2

factually sufficient to constitute the alleged crime." United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008) (internal quotation marks omitted). Because Valderrama did not challenge the sufficiency of the factual basis supporting his guilty plea to the currency smuggling count in the district court, we review this challenge for plain error only. United States v. Mastrapa, 509 F.3d 652, 656-57 (4th Cir. 2007).

Sections 5332(a)(1) and (b)(1) of Title 31 of the United States Code provide that whoever, "with the intent to evade a currency reporting requirement under [31 U.S.C. §] 5316 [(2006)], knowingly conceals more than $10,000 in currency . . . in any conveyance . . . and transports or transfers or attempts to transport or transfer such currency . . . from a place within the United States to a place outside of the United States" is guilty of currency smuggling and may be imprisoned for not more than five years. 31 U.S.C. § 5332(a)(1), (b)(1). Counsel contends that the factual basis accompanying the plea agreement is insufficient to support Valderrama's guilty plea because it contains no information indicating that Valderrama concealed currency with the intent to evade a currency reporting requirement or that the manner in which the currency was concealed was intended to be the method by which the currency would be transported to a place outside of the United States.

3

In this case, however, the record makes clear that Valderrama concealed well over $10,000 in a conveyance and attempted to transfer such currency in that conveyance from North Carolina to Mexico. Accordingly, we discern no error, plain or otherwise, by the district court.

Additionally, in accordance with Anders, we have reviewed the issues in Valderrama's pro se supplemental brief and the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform Valderrama, in writing, of the right to petition the Supreme Court of the United States for further review. If Valderrama requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Valderrama.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4