**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4911**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

TRACY LAVENDER WILSON,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:10-cr-00448-CCE-8)

———————

Submitted:  June 21, 2012            Decided:  June 25, 2012

———————

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

George E. Crump, III, Rockingham, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Lavender Wilson pleaded guilty to conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006) and received a 100-month sentence. Counsel for Wilson filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the factual basis supported the plea and whether the district court properly found that Wilson qualified as a career offender and fashioned a reasonable sentence. The Government elected not to file a brief. Finding no reversible error, we affirm.

Under Fed. R. Crim. P. 11(b)(3), the district court must satisfy itself that there is a factual basis for the defendant's guilty plea prior to entering judgment on the plea. "The rule is intended to ensure that the court make[s] clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008) (internal quotation marks omitted). Ordinarily, this court would review the district court's finding that a sufficient basis in fact supports a guilty plea for abuse of discretion. Id. at 367. However, because Wilson did not challenge the sufficiency of the factual basis in the district court, this court reviews counsel's challenge for plain error

2

only. United States v. Mastrapa, 509 F.3d 652, 656-57 (4th Cir. 2007). The record does not demonstrate plain error by the district court in accepting the plea based on the factual basis presented by the Government.

A review of the record reveals no error in sentencing. When determining a sentence, the district court must calculate the appropriate advisory Sentencing Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2006 & Supp. 2012). Gall v. United States, 552 U.S. 38, 49-50 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 41. The district court followed the necessary procedural steps in sentencing Wilson, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. We further conclude that the district court did not abuse its discretion in imposing the chosen sentence.

Wilson filed a pro se supplemental brief reiterating the issues raised by counsel. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform

3

Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED