**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4779**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOSEPH FRANKLIN BROWN, JR.,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, Senior District Judge.  (8:08-cr-00529-DKC-1)

─────────────

Submitted:  February 27, 2015        Decided:  March 5, 2015

─────────────

Before KING, GREGORY, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Allen H. Orenberg, ORENBERG LAW FIRM, P.C., North Bethesda, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, James I. Pearce, Special Assistant United States Attorney, Arun Rao, Assistant United States Attorney, Sujit Raman, Chief of Appeals, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Brown, Jr., appeals his conviction following a guilty plea to using, carrying, or brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2012).[1] Brown asserts that the district court, relying on then-existing law, failed to inform him that brandishing was an element of the § 924(c) offense that must be proven by the Government. Brown also argues that the district court failed to adequately establish that he had, in fact, brandished a firearm. Finding no reversible error, we affirm.

Because Brown did not move to withdraw his guilty plea, we review his challenge to his plea for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014); United States v. Adepoju, 756 F.3d 250, 259 (4th Cir. 2014) (applying plain error review to unpreserved error under Alleyne v. United States, 133 S. Ct. 2151 (2013)). To establish plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). In the guilty plea context, a defendant meets this burden by "show[ing] a reasonable probability that, but for the error, he would not

---

[1] Brown also pled guilty to conspiracy to commit armed bank robbery, armed bank robbery, and being a felon in possession of a firearm. He does not challenge these convictions on appeal.

2

have entered the plea." United States v. Davila, 133 S. Ct. 2139, 2147 (2013) (internal quotation marks omitted). Even if a defendant satisfies these requirements, we will exercise our discretion to remedy the error only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Henderson, 133 S. Ct. at 1126-27 (internal quotation marks and brackets omitted).

In Alleyne, the Supreme Court held that any fact that increases a mandatory minimum sentence must be charged by indictment and admitted by the defendant or found by a jury beyond a reasonable doubt. 133 S. Ct. at 2163; United States v. Strayhorn, 743 F.3d 917, 926 (4th Cir.) (applying Alleyne), cert. denied, 134 S. Ct. 2689 (2014). Accordingly, we conclude that, in light of Alleyne, the district court plainly erred when it misrepresented to Brown the Government's burden of proof on the element of brandishing.[2] See Bousley v. United States, 523 U.S. 614, 618-19 (1998). However, Brown has not shown, or even asserted, that he would not have pled guilty had he been correctly apprised of the elements of the offense. Because

---

[2] The district court correctly stated the law as it existed at the time of Brown's plea. See Harris v. United States, 536 U.S. 545 (2002), overruled by Alleyne, 133 S. Ct. at 2163. However, plain error is assessed based on the state of the law at the time of our review, not at the time of the district court's actions. Johnson v. United States, 520 U.S. 461, 468 (1997).

there is no evidence that the error actually affected Brown's decision to plead guilty, we hold that Brown has failed to establish that the error affected his substantial rights.

We also hold that the facts admitted by Brown during the plea hearing establish an adequate factual basis to support the plea. See United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008) (providing standard). A defendant is liable for his coconspirator's act of brandishing a firearm when he "actively participated in the underlying . . . crime with advance knowledge that a confederate would [brandish] a gun during the crime's commission." Rosemond v. United States, 134 S. Ct. 1240, 1243 (2014). Brown admitted in the factual statement accompanying his plea that a coconspirator brandished a rifle throughout the bank robbery to coerce the bank's manager and that Brown helped plan the robbery, provided the coconspirator with the rifle, and was with him during part of the time when he was brandishing it. See 18 U.S.C. § 924(c)(4) (defining "brandish").

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4