**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4334**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JACK GRIFFIN KNIGHT,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cr-00393-CCE-1)

Submitted: April 11, 2017                     Decided: April 19, 2017

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel M. Blau, HALE BLAU & SAAD, ATTORNEYS AT LAW, PC, Raleigh, North Carolina, for Appellant. Ripley Rand, United States Attorney, Eric L. Iverson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jack Knight pled guilty to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (2012). The district court imposed a downward variance sentence of 87 months' incarceration. Knight appeals his conviction and sentence, arguing that the district court erred in failing to ensure that a sufficient factual basis supported his plea, as required by Fed. R. Crim. P. 11(b)(3), and that his sentence is substantively unreasonable. We affirm.

Knight first argues that, while the record provides a sufficient factual basis to establish that he knowingly possessed child pornography, the record does not provide a sufficient basis to establish that he knowingly received it. Because Knight did not seek to withdraw his guilty plea, we review this Federal Rule of Criminal Procedure 11 issue for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). "In order to satisfy the plain error standard [Knight] must show: (1) an error was made; (2) the error is plain; and (3) the error affects [his] substantial rights." *United States v. Massenburg*, 564 F.3d 337, 342-43 (4th Cir. 2009). "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3); *see United States v. Ketchum*, 550 F.3d 363, 366 (4th Cir. 2008). "The trial court has wide discretion in determining whether a factual basis exists." *United States v. Morrow*, 914 F.2d 608, 611 (4th Cir. 1990).

To convict Knight of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), the government would have to prove that he "knowingly receive[d] . . . child pornography that has been mailed, or using any means or facility of

2

interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2252A(a)(2)(A). The presentence report, which the district court adopted as the factual basis for the plea, provided that Knight's laptop and compact discs contained hundreds of images and videos of child pornography. Investigators found images in Knight's downloads folder, which supports the finding that he downloaded the images from the internet. Furthermore, several of the images and videos were known to have been created outside the United States and in states other than North Carolina, where Knight resided, supporting the finding that the child pornography had been transported through interstate or foreign commerce. Therefore, we conclude that the district court did not err in finding that a sufficient factual basis supported Knight's plea.

Knight next argues that his sentence is substantively unreasonable. We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Because Knight does not assert any procedural sentencing error, we review only the substantive reasonableness of the sentence, considering "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2012)]." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Our review leads us to conclude that nothing in the record

rebuts the presumption of reasonableness accorded Knight's below-Guidelines sentence. *See id.*

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4