**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4423**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

GEORGE EARL GEE, a/k/a G,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:15-cr-00317-DKC-3)

Submitted: January 11, 2018                    Decided:  January 29, 2018

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Julie M. Reamy, JULIE M. REAMY, ATTORNEY AT LAW, LLC, Baltimore, Maryland, for Appellant. Joseph Ronald Baldwin, Jennifer Regina Sykes, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Earl Gee appeals from his conviction and 216-month sentence entered pursuant to his Fed. R. Crim. P. 11(C)(1)(c) guilty plea to conspiracy to distribute and to possess with intent to distribute cocaine, cocaine base, and heroin. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether a proper factual basis supported Gee's guilty plea. Gee has filed a pro se supplemental brief raising numerous issues. The Government has declined to file a brief. We affirm.

Counsel avers that the Government failed to produce any evidence of the chemical composition or the actual weight of the drugs involved in Gee's crime. Prior to accepting a guilty plea, "the [district] court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3); *see United States v. Ketchum*, 550 F.3d 363, 366 (4th Cir. 2008) (recognizing that defendant may challenge on appeal district court's failure to develop factual basis on record). We review a "district court's finding of a factual basis for abuse of discretion, and . . . will not find an abuse of discretion so long as the district court could reasonably have determined that there was a sufficient factual basis based on the record before it." *Ketchum*, 550 F.3d at 367 (citation and internal quotation marks omitted).

At his plea hearing, Gee admitted he was involved in a drug conspiracy, and he stated his agreement with the Government's factual basis. The factual basis included the drug types and quantity for which Gee was held responsible, and these factual statements were not disputed. Because Gee agreed to the factual basis before entering his guilty

plea, his belated objections are without merit, and we find that the district court developed an appropriate factual basis.

We have reviewed Gee's supplemental pro se briefs and have considered the arguments raised therein; however, we find his claims to be without merit. In accordance with *Anders*, we have reviewed the entire record for meritorious issues and have found none. Accordingly, we affirm Gee's conviction and sentence.

This court requires that counsel inform Gee in writing of his right to petition the Supreme Court of the United States for further review. If Gee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gee. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*