**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4604**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TANYATORN GHANJANASAK,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00299-D-1)

Submitted:  September 26, 2019              Decided:  October 10, 2019

Before THACKER, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tanyatorn Ghanjanasak pled guilty, pursuant to a plea agreement, to transmitting a threat to injure in interstate commerce, in violation of 18 U.S.C. § 375(c) (2012). The district court imposed a downward variant sentence of 12 months and 1 day of imprisonment. On appeal, Ghanjanasak argues that her guilty plea was not knowing and voluntary because the court failed to fully explain the nature of the charge and to ensure that there was a sufficient factual basis for the plea. *See* Fed. R. Crim. P. 11(b)(1)(G), (3). We affirm.

Because Ghanjanasak did not move to withdraw her guilty plea in the district court, we review her challenges to the plea colloquy for plain error. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). To prevail under this standard, Ghanjanasak "must demonstrate not only that the district court plainly erred, but also that this error affected [her] substantial rights." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014). This "means that [she] must demonstrate a reasonable probability that, but for the error, [s]he would not have pleaded guilty." *Id.* (internal quotation marks omitted). Even if this test is satisfied, "we will not correct any error unless we are convinced that a refusal to do so would seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

When explaining the nature of the charge to a defendant during a Rule 11 colloquy, the district "court must take into account both the complexity of the charge and the sophistication of the defendant." *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). Generally, the "court is given a wide degree of discretion in deciding the best

2

method to inform and ensure the defendant's understanding." *Id.* "Although the defendant must receive notice of the true nature of the charge rather than a rote recitation of the elements of the offense, the defendant need not receive this information at the plea hearing itself." *Id.* (citation and internal quotation marks omitted). Instead, "a guilty plea may be knowingly and intelligently made on the basis of detailed information received on occasions before the plea hearing." *Id.* (internal quotation marks omitted). We have, therefore, not "require[d] the district courts to recite the elements of the offense in every circumstance." *United States v. Wilson*, 81 F.3d 1300, 1307 (4th Cir. 1996). We review a district court's finding that the defendant understood the nature of the charge for abuse of discretion. *See DeFusco*, 949 F.2d at 117.

Although the district court did not recite the elements of the offense during the Rule 11 hearing or explain the meaning of those elements, the plea agreement clearly outlined the elements of the offense. By signing the plea agreement, Ghanjanasak represented that she understood and admitted those elements. And, during the Rule 11 colloquy, Ghanjanasak confirmed under oath that she had reviewed the plea agreement with counsel and understood all of its terms. She also stated under oath that she understood the charge and was in fact guilty of the offense. Ghanjanasak, who is highly educated, has failed to identify any "extraordinary circumstances" that would overcome the general rule that "[a] defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (alterations and internal quotation marks omitted)). We therefore conclude that the district

3

court did not err, plainly or otherwise, in finding that Ghanjanasak understood the nature of the charge to which she pled guilty.

The requirement that the district court find a factual basis for the plea "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *DeFusco*, 949 F.2d at 120. "The requirement . . . is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that [her] conduct does not actually fall within the charge." *United States v. Mastrapa*, 509 F.3d 652, 660 (4th Cir. 2007) (internal quotation marks omitted). "The district court possesses wide discretion in finding a factual basis, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (internal quotation marks omitted). The "court is not required to replicate the trial that the parties sought to avoid, or to rely only on the Rule 11 plea colloquy. Rather, the district court may conclude that a factual basis exists from anything that appears on the record." *United States v. Ketchum*, 550 F.3d 363, 366-67 (4th Cir. 2008) (citations and internal quotation marks omitted). "We review the district court's finding of a factual basis for abuse of discretion, and we will not find an abuse of discretion so long as the district court could reasonably have determined that there was a sufficient factual basis based on the record before it." *Id.* at 367 (internal quotation marks omitted).

The evidence in the record clearly supports the conclusion that Ghanjanasak sent the relevant text message for the purpose of issuing a threat, knowing that it would be

4

viewed as a threat, and that a reasonable recipient familiar with the context would interpret it as a threat. *See United States v. White*, 810 F.3d 212, 220-21 (4th Cir. 2016). Accordingly, we conclude that the district court did not err, plainly or otherwise, in finding that there was a sufficient factual basis for the plea.

We affirm the district court's judgment but decline the Government's request to find that Ghanjanasak breached her plea agreement by filing this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*