**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-4133**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHAUNCEY ALEXANDER HOLLIS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:23-cr-00223-TDS-1)

---

Submitted:  December 18, 2025                    Decided:  December 22, 2025

---

Before NIEMEYER and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Rebecca A. Olla, LAW OFFICE OF REBECCA A. OLLA, Durham, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, Ashley E. Waid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chauncey Alexander Hollis appeals his conviction and sentence imposed following his guilty plea, pursuant to Fed. R. Crim. P. 11(c)(1)(B), to conspiracy to defraud the United States. The district court imposed a within-Guidelines range sentence of 33 months' imprisonment. In this appeal, Hollis's counsel has filed an *Anders* brief, stating that there are no meritorious grounds for appeal but questioning: (1) whether the district court abused its discretion in denying Hollis's motion to withdraw his guilty plea; and (2) whether Hollis's within-Guidelines range sentence is reasonable. In his pro se supplemental briefs and motions to expedite, Hollis reiterates numerous claims raised in the district court. The Government did not file a brief. We affirm.

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (citation modified). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (citation modified). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, *id.* 11(b)(2), and that there

2

is a factual basis for the plea, *id.* 11(b)(3). After reviewing the record, we conclude that Hollis's guilty pleas were knowing and voluntary, and the district court did not abuse its discretion by concluding that Hollis's plea was supported by a sufficient factual basis. *See United States v. Ketchum*, 550 F.3d 363, 367 (4th Cir. 2008) (stating standard of review).

"A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to determine whether there exists 'a fair and just reason for withdrawal.'" *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (citation modified). "[T]he defendant has the burden of showing a fair and just reason for withdrawal." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). We have articulated a list of factors for consideration in determining whether a defendant has met his burden:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

*Id.* (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *United States v. Nicholson*, 676 F.3d 376, 384 (4th Cir. 2012) (citation modified). We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *Id.* at 383.

We have reviewed the Rule 11 proceeding and conclude that Hollis's guilty plea was knowing and voluntary and the offenses to which he pleaded guilty were supported by a sufficient factual basis. We further conclude that Hollis failed to credibly assert his legal

3

innocence. Hollis waited approximately seven months to move to withdraw his guilty plea. We agree with the district court that permitting withdrawal of the guilty plea at this late date would prejudice the Government and waste the court's judicial resources, given that Hollis did not credibly assert his innocence. Accordingly, we conclude that the court did not abuse its discretion in denying the motion to withdraw the guilty plea.

We next turn to Hollis's reasonableness challenge. Hollis's counsel questions whether Hollis's sentence is unreasonable. We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021). In conducting this review, we must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that Hollis's sentence is procedurally and substantively reasonable. The district court properly calculated the Guidelines range, allowed the parties to present arguments, gave Hollis the opportunity to allocute, directly

4

addressed Hollis's mitigation arguments, considered the appropriate § 3553(a) sentencing factors, and explained the selected sentence. Furthermore, because Hollis has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence. *See Louthian*, 756 F.3d at 306.

Finally, we address Hollis's claims in his pro se supplemental briefs and motions to expedite. Hollis asserts that: the district court lacked subject matter and personal jurisdiction over him; the court violated due process by proceeding to sentencing; he refused standby counsel and never signed a *Faretta* waiver; he was denied access to discovery; and trial counsel was ineffective. However, the court accurately determined that it held jurisdiction, properly appointed standby counsel, and required full discovery be provided to Hollis. Moreover, to the extent that Hollis raises, for the first time, constitutional claims regarding his conditions of confinement, those claims are not cognizable on direct appeal.

As to Hollis's claim that trial counsel was ineffective, on direct appeal, "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (citation modified). Although Hollis asserts that counsel provided ineffective assistance, Hollis averred during his plea hearing that he was fully satisfied with his counsel's services. Because the present record does not conclusively show that trial counsel rendered ineffective assistance, Hollis's claim is not cognizable on direct appeal

5

and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant Hollis's motion for leave to file a pro se supplemental brief, affirm the district court's judgment, and deny as moot Hollis's motions to expedite. This court requires that counsel inform Hollis, in writing, of the right to petition the Supreme Court of the United States for further review. If Hollis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hollis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*