**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5107**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARKEENUS CLEAVON WILKERSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:10-cr-00032-MR-13)

Submitted: August 16, 2012      Decided: August 21, 2012

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Amy Lee Copeland, AMY LEE COPELAND, LLC, Savannah, Georgia, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markeenus Cleavon Wilkerson pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). He was sentenced to 168 months' imprisonment. Wilkerson timely appeals.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but raising the following questions: (1) whether Wilkerson's guilty plea was conducted in compliance with Fed. R. Crim. P. 11; (2) whether Wilkerson's two prior felony convictions were proper predicates for the career offender Guideline; (3) whether application of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2327 ("FSA" or "the Act"), would have resulted in a lower sentence; and (4) whether Wilkerson's sentence is substantively reasonable. Wilkerson has filed a pro se supplemental brief arguing that the magistrate judge did not comply with Rule 11(b)(3) in accepting Wilkerson's guilty plea, and that his sentence is substantively unreasonable because the district court did not adequately consider sentencing disparity between codefendants under 18 U.S.C. § 3553(a)(6) (2006). We affirm.

2

First, counsel and Wilkerson both challenge the validity of the guilty plea. Our review of the plea hearing reveals that the magistrate judge substantially complied with the dictates of Rule 11 in accepting Wilkerson's plea, and we perceive no reason to question its validity. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Although the magistrate judge deferred until sentencing the determination that a factual basis existed for the plea, Rule 11(b)(3), the parties stipulated to this delay in the plea agreement and this court has approved such a procedure. United States v. Ketchum, 550 F.3d 363, 366-67 (4th Cir. 2008). Therefore, we affirm Wilkerson's conviction.

Next, we examine whether two prior convictions were properly considered as predicates for Wilkerson's career offender status. "We review de novo a question concerning whether a prior state conviction qualifies as a prior felony conviction under the career offender provision." United States v. Jones, 667 F.3d 477, 482 (4th Cir. 2012). Under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2010), a defendant is a career offender if he was at least eighteen at the time of the present offense, that offense is either a felony crime of violence or a felony drug offense, and the defendant has at least two prior felony convictions for crimes of violence or controlled substances. Wilkerson was in his thirties at the

time of this felony drug offense, and he had one prior North Carolina conviction for felony possession with intent to sell cocaine and one for felony discharging a firearm into a vehicle.

Although Wilkerson was sentenced for both convictions on the same day, the district court correctly counted both convictions because they were separated by an intervening arrest. USSG §§ 4A1.2(a)(2); 4B1.2(c). The drug conviction is a proper predicate because it was an offense punishable by imprisonment over one year and violated a state law prohibiting possession of a controlled substance with intent to distribute. USSG § 4B1.2(b). Although Wilkerson was seventeen at the time of the offense, he was convicted as an adult. USSG § 4B1.2 cmt. n.1.

Wilkerson's other predicate offense, felony discharge of a firearm into an occupied vehicle, was properly counted as a crime of violence because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2 cmt. n.1; see United States v. Curtis, 645 F.3d 937, 940-43 (7th Cir. 2011) (finding similar Illinois statute to be crime of violence under USSG § 4B1.2(a)(1)). Wilkerson was sentenced to ten years for that offense. Accordingly, he was properly sentenced as a career offender.

4

Next, counsel questions whether application of the FSA would affect Wilkerson's sentence. Wilkerson's conspiracy offense occurred before the effective date of the Act, but he was sentenced after that date. The Supreme Court has recently held that the FSA's new, lower mandatory minimums apply in the post-Act sentencing of pre-Act criminal conduct. Dorsey v. United States, 132 S. Ct. 2321, 2335-36 (2012). Therefore, Wilkerson, on direct appeal, can reap any benefit conveyed by the FSA. As counsel concedes, however, because Wilkerson's sentence was driven by his career offender status rather than by 21 U.S.C. § 841(b), the statutory change did not affect his sentence.

Before the FSA, Wilkerson, charged with fifty grams or more of cocaine base and with a 21 U.S.C. § 851 information of a prior conviction for a felony drug offense, faced twenty years to life under 21 U.S.C. § 841(b)(1)(A) (2006). After the Act's effective date, he faces ten years to life under 21 U.S.C.A. § 841(b)(1)(B) (West 1999 & Supp. 2012).

As a career offender, however, Wilkerson's base offense level was dictated by the statutory maximum applicable to the offense. USSG § 4B1.1(b). Both before and after the effective date of the FSA, because of his prior felony drug conviction, Wilkerson faced a maximum sentence of life, 21 U.S.C. § 841(b)(1)(A) (2006); 21 U.S.C.A. § 841(b)(1)(B) (West

5

1999 & Supp. 2012), for an offense level of 37. USSG § 4B1.1(b)(1). Thus, the new statute has no impact on Wilkerson's Guidelines range and the sentence imposed.

Finally, both counsel and Wilkerson challenge the substantive reasonableness of Wilkerson's sentence. We review a sentence for reasonableness, under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first review for significant procedural errors, including whether the district court improperly calculated the Guidelines range, failed to consider the § 3553(a) factors, based its sentence on clearly erroneous facts, or failed to adequately explain the sentence. Id. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

As we discussed above, the district court properly determined Wilkerson to be a career offender, and that status dictated both his base offense level of 37 and his criminal history category ("CHC") of VI. USSG § 4B1.1(b). With a three-level deduction for acceptance of responsibility, he faced a sentencing range of 262 to 327 months' imprisonment. The district court granted the Government's motion for downward departure, for a new range of 188 to 235 months. The court ultimately sentenced Wilkerson below this new range, to 168

6

months. In announcing sentence, the district court fully explained its reasoning and addressed the issues raised by counsel and by Wilkerson in his allocution. The court's careful attention to sentencing produced no procedural errors, and we therefore find the sentence procedurally reasonable.

We assess the substantive reasonableness of a sentence under the totality of the circumstances to determine whether the district court abused its discretion in imposing a 168-month sentence. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Wilkerson's sentence is below the recalculated Guidelines range, and as such is presumptively reasonable. Id.

Neither counsel nor Wilkerson has successfully rebutted this presumption. Counsel concedes as much, noting that Wilkerson received two downward departures, and that he was sentenced within the range requested by counsel. In his pro se brief, Wilkerson asserts that the district court did not adequately weigh the sentencing factor set out in 18 U.S.C. § 3553(a)(6), "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." The district court specifically addressed this point at sentencing, however, noting that any disparity in sentence between Wilkerson and his codefendant was based on Wilkerson's much higher CHC, even without consideration of the career offender CHC. Thus, the

7

district court clearly found warranted a certain degree of sentencing disparity between the codefendants, but mitigated the disparity with its departures.

Thus, we readily conclude that Wilkerson's sentence is both procedurally and substantively reasonable. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court and deny counsel's motion to withdraw. This court requires that counsel inform Wilkerson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilkerson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew her motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilkerson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED