**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4213**

———————

UNITED STATES OF AMERICA

                    Plaintiff – Appellee,

         v.

ISRAEL DELGADO LUIS, a/k/a Cune, a/k/a Victor,

                    Defendant – Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:06-cr-00797-JFA-11)

———————

Submitted:  October 11, 2012        Decided:  October 15, 2012

———————

Before KING, DUNCAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Cameron  B.  Littlejohn,  Jr.,  Columbia,  South  Carolina,  for
Appellant.  Jane  Barrett  Taylor,  Assistant  United  States
Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Israel Delgado Luis pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute and distribution of one kilogram or more of heroin and a quantity of cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 846 (West 2006 & Supp. 2012), and received the mandatory minimum 120-month sentence. In accordance with Anders v. California, 386 U.S. 738 (1967), Luis's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether Luis entered into a knowing and voluntary plea agreement and whether the district court erred in permitting the Government to supplement the factual basis of the plea at sentencing to demonstrate that the conspiracy was responsible for one kilogram or more of heroin. The Government declined to file a brief and Luis did not file a pro se supplemental brief. Finding no error, we affirm.

Our review of the Fed. R. Crim. P. 11 hearing transcript revealed no errors and that the district court properly ensured that Luis's guilty plea was knowing and voluntary. Luis's counsel also questioned whether the district court erred in permitting the Government to supplement the factual basis of the plea at sentencing to demonstrate that the conspiracy was responsible for one kilogram or more of heroin.

2

Luis did not object to the additional evidence taken at the time of sentencing to prove that the conspiracy involved well over one kilogram of heroin. The district court "may conclude that a factual basis exists from anything that appears on the record . . . [and] it may defer its inquiry until sentencing." United States v. Martinez, 277 F.3d 517, 531 (4th Cir. 2002); see also United States v. Ketchum, 550 F.3d 363, 366-67 (4th Cir. 2008). It is apparent that there was sufficient information supplied by the Government to find that Luis was involved in a conspiracy that involved more than one kilogram of heroin. We identify no error in the court's consideration of the evidence presented. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991) (noting that Rule 11 does not require the district court to establish through its colloquy that a factual basis exists for the plea). Accordingly, we conclude that Luis's guilty plea was valid.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Luis's conviction and sentence. This court requires that counsel inform Luis, in writing, of the right to petition the Supreme Court of the United States for further review. If Luis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation.  Counsel's motion must state that a copy thereof was served on Luis.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>