**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4534**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

SAMUEL OLIVARES,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, District Judge.  (8:16-cr-00521-TMC-4)

Submitted:  March 26, 2018                     Decided:  March 29, 2018

Before TRAXLER, DUNCAN, and THACKER, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

William G. Yarborough, III, Greenville, South Carolina, for Appellant.  Andrew Burke Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Olivares appeals his conviction after pleading guilty to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012)  Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal.  Counsel questions, however, whether Olivares' guilty plea was knowing and voluntary.  We affirm the conviction and sentence and remand to correct a clerical error in the judgment.[*]

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted).  Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis.  Fed. R. Crim. P. 11(b); *United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).  "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (brackets and internal quotation marks omitted).  With regard to the factual basis, "the district court

---

[*] Olivares pleaded guilty to conspiracy, yet the judgment failed to mention § 846, the applicable conspiracy statute.  We therefore remand the case so that the district court may amend the judgment to reflect that Olivares pleaded guilty to violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.  *See* Fed. R. Crim. P. 36.

2

possesses wide discretion, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Ketchum*, 550 F.3d 363, 366 (4th Cir. 2008) (internal quotation marks omitted); *see United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013) (discussing elements of offense and amount of proof required).

Because Olivares neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, Olivares "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. A defendant who pleaded guilty establishes that an error affected his substantial rights by demonstrating a reasonable probability that he would not have pleaded guilty but for the error. *United States v. Davila*, 133 S. Ct. 2139, 2147 (2013).

We conclude that, based on the totality of the circumstances, Olivares has not rebutted the presumption of truthfulness accorded his "solemn declaration[s]." *See Moussaoui*, 591 F.3d at 278. Thus, the district court did not plainly err in finding that Olivares knowingly and voluntarily entered his plea and that an adequate factual basis supported it. *See Davila*, 133 S. Ct. at 2147. Accordingly, we conclude that Olivares' plea was knowing and voluntary, *Fisher*, 711 F.3d at 464, and thus "final and binding," *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no meritorious grounds for appeal. We therefore affirm the judgment of the

3

district court but remand to correct a clerical error. This court requires that counsel inform Olivares, in writing, of the right to petition the Supreme Court of the United States for further review. If Olivares requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Olivares.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*