**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4356**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER MICHAEL PARTLOW,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:17-cr-00078-RJC-DSC-1)

Submitted: December 20, 2018                    Decided: January 9, 2019

Before DUNCAN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert C. Carpenter, DUNGAN, KILBOURNE & STAHL, P.A., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Michael Partlow appeals his conviction and 120-month sentence imposed by the district court following his guilty plea to conspiracy to distribute and possess with intent to distribute crack cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal.[*] Counsel questions, however, whether the plea was supported by a sufficient factual basis, whether the district court erred by failing to address Partlow's motion for a downward departure, and whether Partlow received ineffective assistance of counsel in the district court. Although advised of his right to file a pro se brief, Partlow has not done so. We affirm.

Prior to accepting a guilty plea, "the [district] court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3); *see United States v. Ketchum*, 550 F.3d 363, 366-67 (4th Cir. 2008). But a factual basis is not insufficient merely because it lacks full details of the charge, "so long as it establishes the elements of the offense." *United States v. McCoy*, 895 F.3d 358, 365 (4th Cir. 2018), *cert. denied* __ S. Ct. __, No. 18-6304, 2018 WL 5017623 (U.S. Nov. 13, 2018). Furthermore, Partlow explicitly stated in sworn testimony that he agreed with the factual basis filed

---

[*] Counsel questions whether Partlow's waiver of appellate rights in the plea agreement precludes this appeal. But because the Government has not invoked the appellate waiver on appeal, we are not limited by the waiver provision in conducting our review pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2

with the district court and that he in fact engaged in a drug trafficking conspiracy. *See United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013) (stating elements of § 846 offense). Based on the totality of the circumstances, Partlow has not rebutted the presumption of truthfulness accorded his "solemn declaration[s]." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010). Thus, we conclude that the district court did not err—plainly or otherwise—in finding that Partlow's guilty plea was supported by a sufficient factual basis. *See United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014) (providing standard of review).

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard' . . . whether the sentence is 'inside, just outside, or significantly outside the [Sentencing] Guideline range.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Counsel questions whether the district court erred in failing to address Partlow's motion for a downward departure. But this was not an abuse of discretion. Partlow had withdrawn the objection that served as the basis for the motion, and the court was constrained by the statutory mandatory minimum. Moreover, we conclude that Partlow's sentence was otherwise procedurally and substantively reasonable.

Finally, counsel questions whether Partlow received ineffective assistance of counsel in the district court, but counsel points to no specific error. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). We conclude that Partlow fails to meet this high standard.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Partlow, in writing, of the right to petition the Supreme Court of the United States for further review. If Partlow requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Partlow.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*